MILLER vs. WATT & WALKER.

| 70 | 385 |
| 122 | 814 |
| 123 | 303 |

1. If a vendor, with full knowledge that the sale was made to a husband as agent for his wife and for her benefit, elected to give exclusive credit to the agent, he could not afterwards recover from the principal; but if the vendor was ignorant of the fact that he was dealing with the agent of another, and the latter received the goods and used them, and they were really bought for the principal, though unknown to the seller when sold, such vendor may recover from the principal when this fact came to his knowledge, though credit was given to the agent.

2. An objection to the admissibility of testimony must state the grounds therefor; otherwise this court cannot consider an exception to the ruling on such point.

3. There is evidence enough to show that the goods in this case were bought for the wife's plantation and used thereon. The verdict may rest as well on circumstances which logically point to that conclusion as on direct evidence.

March 27, 1883.

Husband and Wife. Principal and Agent. Debtor and Creditor. Practice in Supreme Court. Before Judge WILLIS. Chattahoochee Superior Court. September Term, 1882.

Watt & Walker brought suit against J. W. Miller and his wife, Sallie E. Miller, on an open account for groceries, etc. Defendants pleaded the general issue. At the trial, plaintiffs amended their declaration by striking the name of J. W. Miller and leaving the suit to stand against Sallie E. alone.

The evidence for the plaintiffs was, in brief, as follows: The goods were sold to J. W. Miller, and credit given to him. They had sold goods to him the year previous, and thought his account good. They did not know Mrs. Miller, nor did they know where the goods went, but Miller stated at the time of the purchase that they were bought for his farms in Stewart county. He did not disclose that he was agent for Mrs. Miller. He was to obtain the money from a warehouse and pay for the goods in thirty days,

or, in default thereof, he was to pay credit prices. If not paid in thirty days, plaintiffs expected payment to be made out of the farms and crops in Stewart county. They thought the farms belonged to Miller until payment was pressed, and he then declared that he owned nothing. He had been conducting the farming operations for Mrs. Miller, and acted as her agent.

Mrs. Miller denied that she owed the account, or that she had bought the goods or authorized any one else to buy them for her. She admitted, however, that her husband had superintended her business, and acted as her agent in connection with her farms.

The jury found for the plaintiffs. Defendant moved for a new trial, on the following among other grounds :

(1.) Because the verdict is contrary to law and evidence.

(2.) Because the court admitted interrogatories of the defendant taken in another case.

(3.) Because the court charged, in effect, that if an agent buys goods without disclosing his agency, and the vendor subsequently discovers it, he may elect to pursue the agent or person for whom he acted.

The motion was overruled and defendant excepted.

J. E. D. SHIPP ; THORNTON & HARGETT, for plaintiff in error.

T. D. HIGHTOWER ; PEABODY & BRANNON, for defendants.

JACKSON, Chief Justice.

This suit was brought originally against husband and wife. The husband's name was stricken, and the suit proceeded against Mrs. Miller alone. It was founded on an open account for goods sold, and a verdict was returned for the plaintiffs for the amount of the account. Whereupon Mrs. Miller moved for a new trial; and error is assigned here on the denial of that motion.

1. The credit was given to the husband, but without knowledge, on the part of plaintiff, that the goods were for the plantation of the wife. The proof is that the husband acted as agent of the wife in her business in respect to the plantation; that he did supply her plantation; that he had none of his own; and the conclusion seems pretty clear that these goods bought by him were those he furnished her as her agent, and bought for her. If the plaintiff had known that the purchase was for the wife's place, and that the husband was buying as her agent, and with this knowledge had elected to give the exclusive credit to the agent, then the law is that he could not recover from the principal; but if he were ignorant of the fact that he was dealing with the agent of another, and that other got the goods and used them, and they were really bought for that principal, though unknown to the seller when sold, the seller might recover from the principal when this fact came to his knowledge, though the credit was given to the agent. *Wylly et al. vs. Collins & Company*, 9 *Ga.*, 223.

On page 239 (10th division) Judge Nisbet, in delivering the opinion of the court, says: " If an agent buy in his own name, without disclosing his principal, and the seller subsequently discover that the purchase was in fact made for another, he may, at his choice, look for payment either to the agent or the principal, and that too, notwithstanding the title has been made to the agent, and he debited with the account. * * * On the other hand, if at the time of the sale, the seller knows, not only the person who is nominally dealing with him is not principal but agent, and also knows who the principal really is, and, notwithstanding all the knowledge, chooses to make the agent his debtor, dealing with him and him alone, the seller must be taken to have abandoned his recourse against the principal, and cannot afterwards, upon failure of the agent, turn round and charge the principal, having once made his election at the time when he had the power of choosing between the one and the other." Citing 3 Douglass,

410, and note; 4 Taunt, 574; 15 East., 62; 9 B. & C., 78; 4 Wash. C. C. R., 567. And then the court there go on to say: "An election deliberately made, with knowledge of facts and absence of fraud, is conclusive; and the party who has once elected, can claim no right to make a second choice, and there is no difference in this respect between the rules pursued by courts of law and equity.     *     *     * We have seen that the bare circumstance of having charged the goods to him (the agent) on the books, does not constitute such an election."

That case rules and controls this. In that, it was sought to charge a trust estate, and not only was the agent or trustee charged and debited with the goods, but his individual promissory note was taken in liquidation of the debt, yet the trust estate was held liable.

2. It has been repeatedly ruled that objection to the admissibility of testimony must state the grounds therefor; therefore the point in regard to the admissibility of interrogatories taken in another case, is not before us.

3. There is evidence enough to show that the goods were bought for the wife's plantation, and used thereon. The verdict may rest as well on circumstances which logically point to that conclusion as on direct evidence.

Judgment affirmed.