## ROBERTS *v.* PORTER MANUFACTURING COMPANY.

There was no error in granting a nonsuit in an action by a minor employee for a physical injury alleged to have been sustained by reason of a defect in a machine at which he was working when the injury was received, when there was no evidence that the defendant had not exercised ordinary diligence in furnishing a machine equal in kind to that in general use, and reasonably safe for one operating it with ordinary care, or that there was any latent defect in the machine of which the defendant knew, or ought to have known, and of which it did not give the plaintiff warning, but where the plaintiff's own tes-

timony showed that, by the use of such care as his age, intelligence, and experience fitted him to exercise, he could have avoided the injury.

Submitted March 14,—Decided April 7, 1900.

Action for damages.   Before Judge Jones.   City court of Clarkesville. . August term, 1899.

Samuel P. Roberts, by his next friend, sued the Porter Manufacturing Company for damages for a personal injury claimed to have been sustained by him while in the employment of the defendant.    His petition alleged that he was an employee of the defendant company, and while at work at a machine in its mills he was injured by reason of a defect in the machine which he was operating; that he was fourteen years old at the time he received the injury; and that he had never been warned by the defendant's foreman of the danger incident to the operation of the machine.    Upon the trial of the case the plaintiff testified that, at the time of his injury, he was fourteen years old, and that he had been working for the two preceding years at the same machine which injured him; that at the time he was put to work at it he was instructed how to operate it and warned to be careful; that the machine was known as a "mule" or spinning machine, and carried a number of threads, which threads were carried over two rollers and under another, which rollers were turned by cog-wheels, which were placed about two inches from the thread on the extreme left of the rollers; that there was no guard or protection between the cog-wheels and the rollers that carried the threads; that the duty of. the plaintiff was to tie broken threads and keep them running between the rollers; that at the time he was hurt the thread next to the cog-wheels broke, and as he was reaching his left hand to pick up this thread, and while raising the top roller with his right hand to pull the thread under it and between the rollers so as to tie it, his left forefinger was caught between the cog-wheels and crushed; that he was doing the work the best he knew how, and could not have gotten the thread and tied it without putting his hand where he did; that after he was injured the defendant put a protection or guard, made of tin, between the cog-wheels and the rollers, and that the machine could be worked just as well with such protection

as without, and with no danger to the operator. Another witness for the plaintiff testified : "This thread was running about two or three inches from the cog-wheels. He [plaintiff] had to put his hand over the rollers to pick up this thread; this is the only way to get the thread. I have done the same work several times, and came near getting my hand caught in the cog-wheels when I was not watching what I was doing. If a fellow gets in a hurry he is more apt to get his hand in there. If the stock is bad, the threads break worse, and it makes us have to work faster. . . The side of the cog next to where we worked turned out, and turned in on the back side, and the only way to get your hand in the cog was to put it over to the back of the machine."

On motion of the defendant's counsel the court granted a nonsuit, and to this ruling the plaintiff excepted.

*J. J. Bowden* and *Charles L. Bass,* for plaintiff.
*George P. Erwin,* for defendant.

FISH, J.. The law imposes upon the master the duty of exercising ordinary care in furnishing to his servants machinery equal in kind to that in general use, and reasonably safe to all persons who operate it with ordinary care and diligence; and if there be latent defects in the machinery, or dangers incident to its operation, unknown to the servant, of which the master knows, or ought to know, he must give the servant warning in respect thereto. Civil Code, § 2611. In the case under consideration, there was no evidence submitted by the plaintiff to show that the machine furnished by the defendant company was not equal in all respects to those generally used in other mills, or that it was not reasonably safe for any one to operate it with ordinary care. It was not contended by the plaintiff that there was any hidden defect in the machine, or that there was any latent danger in working it; but he claimed that, on account of his youth and inexperience, he did not comprehend the risk incident to its operation. While it is true that the law does not exact of a child the ordinary care which every prudent man would exercise under similar circumstances, yet it is required to use due care according to its age and capacity, that is, such care, as stated in section 2901 of the Civil Code, as its mental and physical capacity fits

it for exercising, in the actual circumstances of the occasion and situation under investigation. Considering that the plaintiff in this case was fourteen years old at the time he was hurt, that he had been working for two years at the same machine which injured him, that when first put to work at it he had been instructed by the foreman how to operate it, that he had been warned "to be careful," and that the certainty of having his finger mashed if he should allow it to get between the cog-wheels was so apparent that, in view of his age, intelligence, and experience, he was bound to have known it, we are constrained to hold that, by the use of such care as his capacity fitted him for exercising, the plaintiff could have avoided the injury, and that therefore there was no error in granting a nonsuit.

*Judgment affirmed. All the Justices concurring.*