COLUMBUS RAILROAD CO. *et al. v.* CITY MILLS CO., and *vice versa.*

ATKINSON, J. A corporation, being the owner of a water-power which had been developed to a certain extent, agreed with another corporation that the latter should have the use of all water-power which could be produced by turning water through certain existing water-gates in the dam of the former, at a fixed price per annum for a term of fifty years, and also that the lessee, its successors and assigns, should have the right, from time to time during the term of the lease, to develop, use, and dispose of certain additional or surplus horse-power from the dam of the lessor. With respect to such additional or surplus horse-power it was stipulated that it should be paid for at a stated price "per horse-power per annum for the actual use of" such water-power "as fast as [the lessee, its successors or assigns] shall develop and actually use the same." It was further stipulated that such undeveloped or surplus horse-power was "to be only paid for when in actual use," and further that it was the intention of the clause in the contract relating to this matter that none of the power therein mentioned "is to be paid for when not actually used." The lease also provided that unless the lessee, its successors or assigns, should develop 200 of such additional horse-power within a specified time, the right so to develop and use the same should then terminate, but if within that time they did develop the 200 horse-

power, then the right to the lessee, its successors or assigns, so to develop and use such additional or surplus horse-power upon the terms stated should continue for the entire time specified in the contract. The additional 200 horse-power was developed within the time specified. The owner of the power filed an equitable petition, seeking cancellation and damages, alleging a breach of contract on account of the failure of the lessee and its assignee to continue to further develop and pay for power which it was alleged that they should develop in order to carry on their business, and in not continuing to use and pay for such surplus power already developed. It was alleged that the lessee had assigned its rights to a competing company incorporated, thus assisting in creating a monopoly. No complaint was made relatively to a failure to use and pay the fixed price stipulated for the horse-power contemplated to be developed by use of the water flowing through the existing water-gates above mentioned. It was prayed that the entire contract be cancelled, or, if this could not be done, that that part of it which related to the right of the lessee and its assignee to develop and use additional horse-power should be cancelled. *Held:*

1. Properly construed, the contract conferred the right to use and develop additional horse-power, but did not impose upon the lessee or its assignee the duty of doing so, or the duty of developing the capacity for such use beyond the 200 additional horse-power which was actually developed. The contract contemplated that if the company or its assignee should use the additional horse-power, the duty of paying therefor at the stipulated price should arise; but it would not be a breach of its terms if the lessee or its assignee should not continue to develop such additional horse-power, or did not use and pay for such as was developed, or could have been developed. *Columbus Railroad Company* v. *City Mills Company,* 110 *Ga.* 273 (34 S. E. 581).

2. The right to assign being conferred by the contract, and there being no breach of its terms by the original lessee or its assignee, and no fraud in the procurement of the contract being alleged, relatively to the plaintiff, the original lessor, it furnished no ground for rescission or cancellation that it was alleged that the assignment tended to create a monopoly of water-power in that locality or was made to a competing company.

3. The contract was not ambiguous, or couched in technical terms, so as to authorize proof of its meaning or proper construction by extrinsic evidence, and allegations that the plaintiff understood it to mean a certain thing were not sufficient to authorize any equitable relief in its behalf.

4. Under the foregoing rulings the entire case should have been dismissed on general demurrer. The judge sustained the demurrer in part and overruled it in part, holding, among other things, in effect, that the contract was divisible, and that the petition contained allegations sufficient to authorize the cancellation of so much of the contract as conferred a right to develop and use additional horse-power, but not that part which referred to the development and use of horse-power by means of water flowing through existing gates in the lessor's dam. The original bill of exceptions assigned error upon the judgment on the ground that the judge refused to sustain the general grounds of demurrer and dismiss the entire case, while the cross-bill of exceptions assigned error upon so much of the judgment as sustained the demurrer by holding

that the petition failed to allege sufficient grounds to cancel the contract in its entirety. As it appears that the entire case should have been dismissed on general demurrer, it is unnecessary to deal with questions raised by the special demurrer.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill.*　　　　　　　　　　　　　　　　　　　*All the Justices concur.*

FEBRUARY 14, 1911.

Equitable petition. Before Judge Gilbert. Muscogee superior court. December 31, 1909.

*Lamar & Callaway, F. U. Garrard, W. C. Neill, C. E. Battle,* and *Howell Hollis,* for plaintiffs in error.

*J. H. Martin* and *William A. Little,* contra.