### 10772.   STRINGER *v.* ATLANTA BOX FACTORY.

SMITH, J.   1. It is the settled law of this State that a servant who is over 14 years of age is presumptively chargeable with the same degree of diligence for his own safety as an adult engaged in the same work. *Muscogee Mfg. Co.* v. *Butts,* 21 *Ga. App.* 558 (94 S. E. 821); *Young* v. *Stewart Lumber Co.,* 17 *Ga. App.* 410 (87 S. E. 149); *Central Railroad Co.* v. *Phillips,* 91 *Ga.* 526 (17 S. E. 952); *Rhodes* v. *Railroad Co.,* 84 *Ga.* 322 (10 S. E. 922, 20 Am. St. Rep. 362).

2. A servant is not obligated to obey the direct command of his master, however peremptory, to work at and with a defective machine, when the obvious dangers incident to such work are well known to him; and if in such a case the servant is injured by obeying the command, he will be held to have failed to exercise due care — the care of an ordinarily prudent man — for his own safety, and cannot hold the master liable. See *International Cotton Mills* v. *Webb,* 22 *Ga. App.* 309 (3) (96 S. E. 16); *Niblett* v. *LaGrange Mills,* 18 *Ga. App.* 173 (1) (88 S. E. 1009), and citations; *Simmons* v. *Southern Railway Co.,* 19 *Ga. App.* 524 (91 S. E. 917); *Hightower* v. *Southern Ry. Co.,* 146 *Ga.* 279 (91 S. E. 52); *Cowart* v. *Southern Marble Co.,* 144 *Ga.* 254 (87 S. E. 282).

3. The plaintiff's petition shows that he was 16-1/2 years old, and was employed by the defendant to operate an electric printing machine, and that for approximately 60 days before receiving the injuries for which he sues he successfully operated the machine, which was equipped with two iron plates, one containing the type and the other the paper to be printed. His duties required him to place the paper on the plates while they were closing together. Attached to this machine was originally what is known as a "throw-off" lever, by which the machine could be quickly stopped and the plates prevented from coming together, but this lever had been broken off, and without such a lever there was no way for the operator to stop the machine in order to adjust the paper, which could not always be placed in proper position, and he was often compelled to "grab" the paper with his right hand, so as to place it in

proper position. The hazards incident to the operation of this defective machine were well known to both the servant and the master, for the former complained of its condition, and the latter, through its vice-principal, assured the servant that there was no danger, and commanded him to continue to operate the machine in its broken and unsafe condition, which he did until his hand was caught and mashed between the plates. *Held*, that these facts bring the plaintiff's petition within the principles announced above, and the trial judge therefore did not err in dismissing it on general demurrer.

4. The petition having been properly dismissed on demurrer, there was no abuse of discretion on the part of the court in refusing to vacate the judgment of dismissal and allow the plaintiff, after such dismissal of the case, to attempt to cure the defects in the original petition by adding thereto by amendment what could and should have been originally alleged. *Bowen* v. *Wyeth*, 119 *Ga.* 687 (46 S. E. 823); *Southern Ry. Co.* v. *Empire Printing Co.*, 120 *Ga.* 43 (47 S. E. 542); *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984, 987 (48 S. E. 380). Moreover, even if the amendment had been allowed, the petition would still have been subject to general demurrer.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

    DECIDED MAY 12, 1920.   REHEARING DENIED JUNE 14, 1920.

(Certiorari was granted by the Supreme Court.)

Action for damages; from Fulton superior court — Judge Pendleton. July 1, 1919.

*Walter C. Dillon, C. M. Lancaster,* for plaintiff.

*Rosser, Slaton, Phillips & Hopkins,* for defendant.