### 15278.  LINDALE CO-OPERATIVE STORE *v.* AILEY.

1. In an ordinary suit on an account verified by the affidavit of the plaintiff, where the answer denied the material allegations of the petition and further denied indebtedness in any sum whatever, the plaintiff was under the burden of proving a contract for the sale of goods as alleged by him, and a delivery of such goods to the defendant.

2. Proof of a contract with a corporation includes proof of the authority of the agent purporting to act for it to make the alleged contract, or proof that the contract as made was subsequently ratified by the corporation.

3. While delivery of goods to a common carrier is not a delivery to the purchaser within the purview of the statute of frauds, yet, to be considered in this court, that statute must have been invoked in the lower court.

4. Where, in an action to recover the contract price of goods sold, it appears that the contract, if there was any, was made at the purchaser's place of business, and it does not appear that the parties thereto contemplated the shipment of the goods from some other point or by any common carrier, but it appears that the seller, without any notice to or authority from the purchaser, undertook to ship them by express, proof of delivery to such carrier does not constitute a constructive delivery to the purchaser.

                         DECIDED APRIL 15, 1924.

Complaint; from city court of Floyd county—Judge Bale. December 4, 1923.

*Porter & Mebane,* for plaintiff in error.

*Harris & Harris,* contra.

LUKE, J.   G. W. Ailey sued the Lindale Co-operative Store, a corporation, upon a sworn open account. The statement of the account annexed to the petition contained only one item, as follows: "May 10, 1920.   Meat, $136.25."   There was no demurrer calling for a more specific bill of particulars.   The defendant answered, denying the material allegations of the petition, and further denying that it was indebted to the plaintiff in any sum whatever.   Upon the trial Ailey testified:   "I am the plaintiff in this case, and sold the goods mentioned on the 10th day of May, 1920.   The amount of the bill is correct, and the bill is just, true, due, and unpaid. I went to the Lindale Co-operative Store and took the order for these goods, and they were shipped from Charleston, Tennessee.   I carried the goods sued for to the depot myself.   They were shipped by express, and the express agent is also the freight agent at Charleston, Tennessee.   I don't know of my own knowledge that the man I delivered the goods to is the agent of either the express company or the railroad company, but he is the man who stays at the office and attends to the business of the companies, and has been for eleven years, and I have been shipping through him during that period of time.   (Cross-examination.)   I don't know who the manager of the Lindale Co-operative Store was at the time I sold these goods.   I went in the store where the man I talked with and others were at work.   He told me he was the manager, and told me about the large amount of business they were doing, and ordered these goods from me. I

cannot say that he was the manager, or that he was employed by the company; can only say that he was at work in the store at the time; he was in charge of the store, and told me he was the manager. I don't know whether the Lindale Co-operative Store ever received this shipment or not, and I don't know whether the man I talked with was employed by the company or not; and, if employed, I don't know in what capacity. I just took this order and shipped the goods on his say so, without making any investigation as to whether he was the manager; didn't even ask him his name; hadn't ever seen him before, and haven't seen him since." J. D. Bryan, a witness for the defendant, testified: "I am the present manager of the Lindale Co-operative Store, and have been since July, 1920. Mr. John McCollum was manager before I took charge. I know nothing about the charge the plaintiff has against the defendant. I carefully examined the record in the office of the defendant, also of the express company in their office at Lindale, and there is no record of any shipment handled through the express office at Lindale, or received by the Lindale Co-operative Store from the plaintiff before or since the plaintiff claims to have sold and shipped the goods sued for."

At the conclusion of the evidence as above set out, the court directed a verdict for the plaintiff, for $136.25 principal, and $33.39 interest. To that ruling the defendant excepted.

Under the pleadings, the burden of proof was on the plaintiff to show a contract, either express or implied, for the sale by him to the defendant of goods as set out in his bill of particulars. Civil Code (1910), § 5746; *Atlantic Coast Line R. Co.* v. *Drake,* 21 *Ga. App.* 81 (1) (94 S. E. 65). Since no effort was made to prove either the quantity of the goods or the reasonable value thereof, it is certain that the plaintiff neither relied upon nor proved an implied contract. Civil Code (1910), § 5513. But did he prove an express contract? Conceding (but not deciding) that the agreement between him and the agent of the corporation was sufficiently definite in all its terms to constitute an express contract, the burden was still upon the plaintiff to show either that the agent had authority to make the contract for the corporation or that the corporation had subsequently ratified the agent's act in so doing. *Hassell* v. *Woodstock Iron Works,* 137 *Ga.* 636 (2) (73 S. E. 1052). "It is well settled that agency is not to be

presumed, and must be established by the party claiming it to exist. It is likewise settled that agency is not provable by the mere declaration of one who claims to be the agent of another." *Herrington* v. *Shumate Razor Co.,* 6 *Ga. App.* 861 (65 S. E. 1064). The plaintiff's testimony that "he was in charge of the store" is, in view of the rest of his testimony, a mere conclusion of the witness, drawn in large measure from what the alleged agent himself said about it. See cases cited in 6 Cum. Supp. Enc. Dig. Ga. Rep. 75; 4 Stevens' Dig. 3130, 3145-6. Thus, the only evidence offered by the plaintiff to establish the authority or agency of the alleged purchasing agent of the defendant corporation was his testimony as follows: "I went in the store [of the defendant] where the man I talked with and others were at work. He . . ordered these goods from me. I cannot say that he was the manager, or that he was employed by the company; . . and if employed, I don't know in what capacity. I . . didn't even ask him for his name; hadn't ever seen him before, and haven't seen him since." For aught that testimony shows the plaintiff's transaction could as easily have been with the janitor as with the manager or purchasing agent of the corporation.

The next question is: Did the evidence demand a finding that the meat alleged to have been sold was delivered to the defendant? Certainly, under the pleadings, proof of delivery, either actual or constructive, was essential to the plaintiff's case. Civil Code (1910), § 4125; *Loyd* v. *Wight,* 20 *Ga.* 274 (65 Am. Dec. 636); *Biggers* v. *Equitable Mfg. Co.,* 124 *Ga.* 1045 (3) (53 S. E. 573); *McCoy* v. *Meador,* 140 *Ga.* 253 (2) (78 S. E. 848). Actual delivery alone will suffice, where the contract declared on falls within the statute of frauds and that statute is specially˜invoked in the lower court. *Denmead* v. *Glass,* 30 *Ga.* 637; *Knowles* v. *Dayries Rice Co.,* 10 *Ga. App.* 569 (73 S. E. 856). In this court the defendant seeks to invoke that statute, but appears to have made no effort to do so in the lower court; and the rule is well settled that such questions cannot be raised for the first time in this court. *Johnson* v. *Latimer,* 71 *Ga.* 470 (3); *Bentley* v. *Johns,* 19 *Ga. App.* 657 (91 S. E. 999).

The plaintiff made no effort to show actual delivery, but testified that he shipped the meat by express, and personally delivered it to the express company at Charleston, Tenn., for shipment to the

3

defendant at Lindale, Ga. He contends that under the facts of this case such delivery constitutes constructive delivery to the defendant, even though the meat never reached its destination. But it appears, from the evidence, that the agreement relied on by plaintiff as a contract with defendant was made at the defendant's place of business in this State, and nothing appears to show that either party then contemplated the shipment of the meat from Charleston, Tenn., or from any other place, or by any common carrier, nor does the contract of affreightment or any notice to the defendant of the shipment appear. In that state of proof it cannot be said as matter of law that the evidence demanded a finding that delivery to the carrier was delivery to the defendant. See Park's Ann. Code, § 4125, and notes on "Carrier." The facts touching these several material issues will doubtless be developed with greater fullness upon another trial of the case.

The judgment of the lower court directing a verdict for the plaintiff was clearly erroneous.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*