16049.  BUGG, receiver, *v.* KNOWLES.

JENKINS, P. J.  1.  A boy fourteen years of age is presumptively chargeable with the same standard of diligence for his own safety as an adult. *Central of Georgia Ry. Co. v. Hartley,* 25 *Ga. App.* 110 (6) (103 S.

E. 259); *Paulk* v. *Lee*, 31 *Ga. App.* 629 (2) (121 S. E. 845); *Central R. Co.* v. *Phillips*, 91 *Ga.* 526 (2) (17 S. E. 952); *Muscogee Mfg. Co.* v. *Butts*, 21 *Ga. App.* 558 (1) (94 S. E. 821); *Jones* v. *Georgia &c. Ry. Co.*, 103 *Ga.* 570 (1) (29 S. E. 927); *Roberts* v. *Porter Mfg. Co.*, 110 *Ga.* 474 (35 S. E. 674); *Stringer* v. *Atlanta Box Factory*, 25 *Ga. App.* 341 (1) (103 S. E. 421).

2. This case, in respect to all questions raised by the general demurrer, is controlled by the decision of the Supreme Court in *Lowe* v. *Payne*, 156 *Ga.* 312 (121 S. E. 812), and the decision recently rendered by this court in *Atlantic Coast Line R. Co.* v. *Fulford*, ante, 631, in which last-named case one of the rulings here applicable was predicated upon instructions received from the Supreme Court in answer to questions certified. The petition when fairly construed does not allege a wilful or wanton killing. The defendant being charged with negligence only, and the petition disclosing that the decedents voluntarily sat down upon the railroad-track and there remained until they fell asleep, it affirmatively appears that they were guilty of such negligence or failure to exercise care for their safety as to bar a recovery for their homicide. For this reason the petition was subject to the general demurrer interposed. See, in this connection, *Southwestern Railroad* v. *Hankerson*, 61 *Ga.* 114; *Wilds* v. *Brunswick & Western R. Co.*, 82 *Ga.* 667 (9 S. E. 595); *Central R. Co.* v. *Smith*, 87 *Ga.* 694 (3 S. E. 397); *Southern Ry. Co.* v. *Hogan*, 131 *Ga.* 157 (1) (62 S. E. 64).

3. Since it is held that the judge erred in overruling the general demurrer, it is unnecessary to examine or pass upon the special demurrers. *Columbus R. Co.* v. *City Mills Co.*, 135 *Ga.* 626 (4) (70 S. E. 242); *Dellinger* v. *Elm City Cotton Mills*, 26 *Ga. App.* 780 (107 S. E. 264).

*Judgment reversed. Stephens, J., concurs. Bell, J., disqualified.*

DECIDED APRIL 15, 1925.

Damages; from Bacon superior court—Judge Summerall. October 27, 1924.

J. M. Knowles sued B. L. Bugg, as receiver of the Atlanta, Birmingham & Atlantic Railway Company, for damage sustained by him as parent in the death of his two sons, Seth and Rufus, aged fifteen and seventeen years respectively, killed by the running of the defendant's locomotive and cars. The petition alleged: The plaintiff, on the evening of September 8, 1923, noticed that a garage in the City of Alma, at which he had left his automobile for repairs, was closed for the night, and that the automobile was on the outside. On returning to his home about four miles distant he directed his sons to go to Alma and watch the car during the remainder of the night, lest it should be stolen. They did as instructed and took up their watch at about eleven o'clock. The garage was situated about sixty feet from the intersection of a public street with the defendant's railroad. The boys sat down upon the track, twenty feet from the public crossing, having chosen

that as a convenient place from which to watch the automobile, the time for the arrival of the train which later came along and killed them having long passed. The spot where they were sitting was about one hundred yards from the depot, and was in the light of two near-by street-lamps. After a time. the boys, "without volition or fault on their part," fell asleep there on the railroad track, "in which helpless condition they both remained until run over and killed" by the train. For a distance of one mile from where the boys were sitting the railroad is perfectly straight, with nothing to obstruct the view, and they were plainly visible to the engineer and the fireman when the train approached within half a mile of where they were killed. The fact they were asleep and helpless became fully apparent and known to the engineer and the fireman when the train got "within fifty yards or more" from them, but, on account of the rapid speed at which the train was moving, it was then too late to stop it in time to avoid killing them. "The track of said railway company between said station or depot and the said public crossing near where said boys were killed as aforesaid has been used by the citizens of said City of Alma and others for more than fifteen years as a thoroughfare, with the consent of the authorities in charge of said railway company, said authorities at all times having full knowledge of such use and making no objection thereto." The defendant was alleged to have been negligent in the following particulars: (1) "in propelling said freight-train, on the occasion of killing said boys, as aforesaid, within the corporate limits of the said City of Alma, with a population of sixteen hundred inhabitants, at a rate of speed of thirty miles per hour while passing through the business section of said City of Alma;" (2) "in propelling said freight-train on said occasion, within the corporate limits of said City of Alma, at a rate of speed greater than ten miles per hour, in open violation of the ordinance of said City of Alma in force at said time prohibiting the running of trains within the corporate limits of said City of Alma at a rate of speed greater than ten miles per hour;" (3) "in neglecting to toll the engine-bell of the locomotive propelling said freight-train on said occasion, and keep tolling the same, and simultaneously checking and keep on checking the speed of said train, when within four hundred yards of, and until said freight-train had arrived at, the center of public crossing in said City of Alma,

where Decatur Street crosses the main track of said railroad company, said Decatur Street being a continuation of the public road between the City of Waycross, Ga., and the City of Baxley, Ga.;" (4) "in failing to ring said engine-bell while said freight-train was in motion within the corporate limits of said City of Alma." It was alleged, that, "being killed while asleep as aforesaid, and unconscious of the approach of said freight-train as it bore down upon them without tolling the bell of the engine propelling said freight-train, they (the decedents) would not by ordinary care and diligence, either of them, have averted or lessened the consequences that ensued, to wit, the death of both of them." The prayer was to recover the value of the services of the decedents until they should have arrived respectively at the age of twenty-one years, alleged to be $18,720.

General and special demurrers to the petition were overruled, and the defendant excepted.

*I. J. Bussell, Larry E. Pedrick, Wilson & Bennett,* for plaintiff in error.

*E. H. Williams,* contra.