19218. MORGAN v. GEORGIA PAVING & CONSTRUCTION CO.

STEPHENS, J. 1. A person can not be held liable as an undisclosed principal, unless the alleged agent who made the contract had actual authority as an agent to bind him. Mechem on Agency (2d ed.), §§ 1764, 1767.

2. A person having authority from another to use the other's name in making cash purchases for the latter has no authority, as the latter's agent, to make purchases and pledge his principal's credit for their payment. Mechem on Agency, (2d ed.), § 914; *Americus Oil Co.* v. *Gurr*, 114 *Ga.* 624 (40 S. E. 780).

3. Where one, with knowledge of the agent's authority to bind his principal, deals with the agent directly and not with the principal, he can not hold the principal liable. Civil Code (1910), § 3597.

4. It is only where an act is done for and in behalf of another that it can be ratified by the latter's acceptance of the benefits accruing to him thereunder, and then only with knowledge of the facts.

5. This being a suit in the municipal court of Columbus by Georgia Paving and Construction Company against M. D. Morgan, in which it appeared, from undisputed evidence, that the plaintiff sold some pipe to one Dan Dull and charged it to the latter's individual account, that Dan Dull, who at the time was engaged with the defendant in doing certain construction work in which the pipe was afterwards used, had no authority as agent to make purchases upon the defendant's credit, but had authority only to supervise the work, employ the labor, and make purchases of material by paying cash therefor out of money advanced to him by the defendant for such purpose, and it appearing without dispute that when the pipe was installed in the construction work and accepted by the defendant, he had no knowledge that Dan Dull had purchased the pipe on the defendant's credit and without paying cash therefor, and it not appearing that Dan Dull in purchasing the pipe did so as the defendant's agent, the verdict found for the plaintiff was without evidence to support it. The judge of the superior court therefore erred in refused to sanction the petition for certiorari presented by the defendant.

Judgment reversed. *Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1929.

*Neill & McGee,* for plaintiff in error.
*McCutchen, Bowden & Gaggstatter,* contra.