27181.   KEPHART · *v.* GULF REFINING COMPANY.

DECIDED FEBRUARY 8, 1939.

*Joseph G. Collins,* for plaintiff.

*Boyd Sloan, W. P. Whelchel, Sam S. Harben,* for defendant.

FELTON, J.   The plaintiff in error sued Gulf Refining Company for breach of a parol contract, alleged to have been made by the company through an agent, I. A. Berry.   It was contended by the plaintiff in error, Kephart, that Berry, as agent for the Gulf Refining Company, made a parol contract with him for the lease of a filling-station for a year, with the privilege of renewal, and that as a part of the agreement Berry required him to purchase a small stock of goods and some equipment in the station, which goods and equipment were owned by the person who had previously operated the station.   The plaintiff went into possession of the station, operated it for two months, paid his rent to the defendant for two months by his checks, and was then forced to vacate.   The evidence

fails to show that Berry had authority to make a parol agreement, or that he had made any with the plaintiff or with any one else. His duties were to negotiate written leases and to submit them to the company for written approval. The plaintiff contends that the company was put on notice of the alleged agreement by the two checks the plaintiff sent for the two months' rent, but the evidence is that the plaintiff operated the station in the same name under which his predecessor had operated it. He swore that so far as the general public knew, his predecessor was still operating it. The fact that the plaintiff sent in two checks, signed by him, for rent for two months, was not sufficient to show notice to the company that the station had been rented to him by the agent of the company, and that he had been required to purchase stock and equipment. The knowledge of the agent would not be notice to the company, as stated in the second headnote. The headnotes require no further elaboration. There was no error in the grant of a nonsuit.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*