33363. HALE-GEORGIA MINERALS CORPORATION *v.* HALE.

DECIDED MARCH 2, 1951. REHEARING DENIED MARCH 15, 1951.

*Ingram & Tull,* for plaintiff in error.

*Jefferson L. Davis,* contra.

FELTON, J. R. D. Hale sued the Hale-Georgia Minerals Corporation, of which he was a vice-president, for salary for services rendered under a contract allegedly entered into between the plaintiff and the president of the defendant corporation. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial on the general and two special grounds. The motion was overruled and the defendant excepts.

1. The president of a corporation, merely by virtue of being such, has no power to bind the company by a contract. Authority of a president to contract may be conferred generally, or specially in an individual case. The charter or bylaws may give the president such authority, or such authority may be inferred from a course of dealing, or the corporation may ratify his acts. *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 451, 460 (3, 4) (69 S. E. 734). "Proof of a contract with a corporation includes proof of the authority of the agent purporting to act for it to make the alleged contract, or proof that

562

the contract as made was subsequently ratified by the corporation." *Lindale Co-operative Store* v. *Ailey*, 32 *Ga. App.* 30 (2) (122 S. E. 718). The plaintiff relied on an express contract with the president of the defendant corporation. In order to make out a case, he must prove that the president had express power or authorization to so contract, or such implied power through a course of dealing, or that the act, though unauthorized, had been ratified by the corporation. Without going into the testimony and evidence, it is sufficient to say that the plaintiff failed to prove any of the above propositions. Most of the plaintiff's evidence sought to show the existence of the contract and the performance thereof by the plaintiff. There is no evidence at all to show express authority, or implied authority through a course of dealing. If the plaintiff sought to show ratification of the contract by the corporation, he failed to do so. Assuming that the corporation did receive the benefits of the plaintiff's alleged services, in order to prove ratification by the corporation he must prove that the principal, the governing body of the corporation or some official or agent who had authority to receive such notice, had full knowledge of all material facts in connection with the transaction in question. And such knowledge must have been acquired by the principal otherwise than by the knowledge of the agent, the ratification of whose acts is contended for. *Kephart* v. *Gulf Refining Co.*, 59 *Ga. App.* 432 (2) (1 S. E. 2d, 221). This the evidence failed to prove. The evidence did not authorize a verdict for the plaintiff.

2. As the judgment is being reversed on the general grounds, the special grounds of the motion will not be considered.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*