33779. THE DRAGON CORPORATION *v.* SYPHERS.

Decided March 14, 1952—Rehearing denied April 1, 1952.

*G. B. Cowart, A. A. Nathan,* for plaintiff in error.

*William R. Killian,* contra.

CARLISLE, J. The second general demurrer to the original petition is on the ground that it is not alleged by what authority the oral contract upon which the plaintiff sued was made. The second ground of the renewed demurrers again attacks the petition on the ground that the corporate authority is not alleged, and in the third ground the petition is demurred to because it alleges that the contract of employment was made with two of the stockholders rather than with the corporation.

The petition as amended alleges that two stockholders of the defendant corporation came to the plaintiff on two occasions to induce him to consent to the sale of the boat by the corporation, in which he owned 25% of the stock and his wife 25%, to The Dragon Corporation; and that on the second occasion the

defendant through its president Bottenfield, as an inducement to secure this assent, offered to employ the plaintiff at a salary of $50 per week. A simple allegation that a corporation by its agent committed an act is a sufficient allegation to bind the corporation. *Conney* v. *Atlantic Greyhound Corp.*, 81 *Ga. App.* 324 (58 S. E. 2d, 559). When such direct allegation is not made, but the petition attempts to set out facts upon which to base the conclusion that the corporation acted through its authorized agent in a certain particular, the facts must be sufficient to substantiate such conclusion. *Rothberg* v. *Manhattan Coil Corp.*, 84 *Ga. App.* 528 (66 S. E. 2d, 390). It is here alleged that Bottenfield is a stockholder in and president of the corporation, but it is nowhere alleged that he is the agent of the corporation or was its duly authorized agent for the purpose of making such a contract with the plaintiff. Neither is it alleged that either as stockholder or president he had authority to bind the corporation by contract generally, or by an oral contract which would obligate the defendant so long as it should continue in business. "The president of a corporation, merely by virtue of being such, has no power to bind the company by a contract." *Hale-Georgia Minerals Corp.* v. *Hale*, 83 *Ga. App.* 561 (63 S. E. 2d, 920). In consequence, a contract entered into by the president of a corporation in its behalf is not binding upon the corporation unless (1) the charter or bylaws give the president such authority, or (2) the authority may be inferred from a course of dealing, or (3) the corporation ratifies his acts. *Potts-Thompson Liquor Co.* v. *Potts*, 135 *Ga.* 451, 460 (3, 4) (69 S. E. 734). It is not here alleged that the president had such authority, or that he entered upon a course of conduct from which it might be inferred. It is shown that prior to the sale the plaintiff managed the boat, and that for some weeks immediately thereafter the defendant employed him to continue his supervision thereof; but the petition must be construed against the pleader, and this act on its part is equally consistent with a purpose to have someone familiar with the boat on hand during the first few weeks of its ownership, as with the theory that in so doing the defendant ratified what amounted to an oral contract for lifetime employment. *Hale-Georgia Minerals Corp.* v. *Hale*, supra, also involved an oral contract between the president of a corpora-

tion and another. In that case it was held as follows: "If the plaintiff sought to show ratification of the contract by the corporation, he failed to do so. Assuming that the corporation did receive the benefits of the plaintiff's alleged services, in order to prove ratification by the corporation he must prove that the principal, the governing body of the corporation or some official or agent who had authority to receive such notice had full knowledge of all material facts in connection with the transaction in question. And such knowledge must have been acquired by the principal otherwise than by the knowledge of the agent the ratification of whose acts is contended for. *Kephart* v. *Gulf Refining Co.*, 59 *Ga. App.* 432 (2) (1 S. E. 2d, 221)." See also *Lindale Co-op. Store* v. *Ailey*, 32 *Ga. App.* 30 (2) (122 S. E. 718).

The petition here sufficiently shows that the president of the corporation had knowledge of the fact that the plaintiff was on the payroll of the corporation for $50 per week, but it does not show that notice of this fact to the president was notice to the corporation, any more than the petition otherwise shows that such president had authority to make the contract in the first place. It is not alleged that the stockholders, by their conduct or by resolution on the minutes of the corporation or otherwise, ratified the alleged contract. See, in this connection, *Rothberg* v. *Manhattan Coil Corp.*, supra. Ratification is not pleaded as such, and the petition does not otherwise sufficiently show it.

There being no allegation as to the authority of the stockholders or president of the defendant to enter into such contract, and it not being alleged that these persons were acting as the duly authorized agents of the defendant in the premises, the alleged contract would not be binding on the defendant. The trial court erred in overruling the general demurrer to the petition.

Since it is held that the judge erred in overruling the general demurrer, it is unnecessary to examine or pass upon the special demurrers, and all further proceedings were nugatory. *Bugg* v. *Knowles*, 33 *Ga. App.* 710 (127 S. E. 813); *Columbus Railroad Co.* v. *City Mills Co.*, 135 *Ga.* 626 (4) (70 S. E. 242).

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*