43832. SOUTHEASTERN FIDELITY FIRE INSURANCE COMPANY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

SUBMITTED SEPTEMBER 9, 1968—DECIDED OCTOBER 2, 1968— REHEARING DENIED DECEMBER 20, 1968—

862

*Thomas & Howard, Hubert H. Howard,* for appellant.

*Zorn & Royal, William A. Zorn, Richard D. Phillips,* for appellees.

JORDAN, Presiding Judge. ■ The general demurrer to the first count of the petition, filed before the effective date of the Civil Practice Act and ruled upon thereafter, is without merit. At the time of the ruling it had no greater status than a motion to dismiss for failure to state a claim under the new practice. The original petition which was then the first count amply meets the notice requirements of the new practice in stating a claim for declaratory judgment for which relief may be granted, i.e., a claim that Copeland was insured by Southeastern on June 20, 1964. See *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862) ; *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 551 (163 SE2d 885).

The Civil Practice Act applies "to all special statutory proceedings except to the extent that such special statutory proceedings prescribe special rules of practice and procedure in conflict herewith." *Code Ann.* § 81A-181. Since the Declaratory Judgment Act contains no special provisions for pleading, the test of what is needed to withstand a motion to dismiss a petition for declaratory judgment is determined under Title 81A of the Code.

The allegations and prayers of this petition clearly bring it within the ambit of the Declaratory Judgment Act as the peti-

tioner was faced with an immediacy of choice before rights might become fixed or affected by the rendition of judgments. *Ditmyer v. American Liab. Ins. Co.*, 117 Ga. App. 512 (1) (160 SE2d 844) and the cases cited therein. The pleadings and the evidence clearly support this action for declaratory judgment.

■ This leaves for consideration the controlling question, as raised by Southeastern's motion for summary judgment, of whether there are genuine issues of fact for jury resolution, which under applicable law would permit a determination that Southeastern was Copeland's liability insurer on June 20, 1964. We do not think so.

T. E. Neal, Jr., was an unlicensed insurance solicitor who had no authority from anyone to execute a binder or any other insurance contract. On Saturday, June 20, 1964, in Jesup he accepted a premium deposit from James Copeland for automobile liability insurance. Accepting Copeland's testimony as true, notwithstanding Neal's testimony to the contrary, Neal told Copeland when he received the deposit that he was covered for insurance and that he could come by one day the next week and furnish the information that had to be on the contract. The collision occurred shortly after the two men parted, and Neal went to the scene of the collision where Copeland then signed the · application. This application is addressed to Teachers Agency of Georgia, Incorporated, of Dublin, and printed at the top of it is the statement, "If application and down payment received through individual, unless otherwise notified, application becomes a binder 24 hours after noon of the date received." The application requests coverage from June 20, 1964, to June 20, 1965, and a date stamp thereon indicates Teachers received the application on June 21 or 22, 1964. The application on its face shows the submitting agency as Motors Insurance Agency, the trade name of Frank Robinson. At the time Neal was working with Frank Robinson and studying in order to take an examination to qualify as an insurance salesman. Teachers operated as an insurance broker, and also as the agent for several insurance companies. Acting as Southeastern's agent on the basis of the facts shown in the application, Teachers issued a Southeastern policy for liability coverage effective June 22, 1964,

for one year. Southeastern canceled this policy as of September 13, 1964, for nonpayment of premium.

Even if the acts of Neal, relied upon by Teachers on behalf of Southeastern, are such as to bring Neal within the statutory definition of an agent under the provisions of § 56-801b (1) of the Georgia Insurance Code, as including one who in any wise, directly or indirectly, makes or causes to be made a contract of insurance for or on account of an insurer, or who, as a representative of an insurer, receives or receipts for money for transmission to an insurer for a contract of insurance, including a subagent, this would not automatically clothe him with power to issue a valid oral binder, as recognized under the provisions of § 56-2420 (1), and even if Neal were recognized as a solicitor, although unlicensed, *Code Ann.* § 56-840b (3) deprives a solicitor of any power to bind an insurer. Thus what Neal may have told Copeland as to when his insurance took effect is not operative as a controlling fact unless it further appears that some basis exists to conclude that Southeastern, through Teachers, ratified his representations. In this respect, State Farm relies upon the established principle stated in *Code* § 4-302, that even "if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none," insisting, in effect, that Southeastern, through Teachers, in acting on the application and issuing a policy, ratified all of Neal's acts, including his representations as to the effective date of coverage. It is clear from the evidence, however, that Teachers, on behalf of Southeastern, acted solely on the basis of the facts disclosed in the application, in making the coverage effective June 22, 1964, and notwithstanding the request for coverage effective on June 20, 1964, the application discloses nothing to inform Teachers, as agent for Southeastern, that if it ratified the acts of whoever solicited the application by issuing an insurance policy it would be ratifying the acts of an undisclosed solicitor in respect to a binder already purportedly in effect on June 20, 1964.

In applying *Code* § 4-302, ratification is effective only with full knowledge of all material facts, and a principal, in adopting the acts of a purported agent, is not obligated for the whole of a

transaction where the acts of the purported agent are not fully disclosed. "When the fact of agency is to be proved by the *subsequent ratification* and adoption of the act by the principal, there must be *evidence* of previous knowledge, on the part of the principal, of *all the material facts.*" *Hardeman & Hamilton v. Ford,* 12 Ga. 205 (2). See, to the same effect, *Morgan v. Ga. Paving &c. Co.,* 40 Ga. App. 335 (4) (149 SE 426); *Kephart v. Gulf Refining Co.,* 59 Ga. App. 432 (2) (1 SE2d 221).

*Judgment reversed. Felton, C. J., Bell, P. J., Hall, Eberhardt, Deen, Quillian, and Whitman, JJ., concur. Pannell, J., dissents.*

PANNELL, Judge, dissenting. Irrespective of whether or not the Civil Practice Act applies in determining the sufficiency of the pleading in a petition for declaratory judgment (*American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862)), I dissent from the ruling in the present case for the same reasons that I dissented in the case of *Ditmyer v. American Liab. Ins. Co.,* 117 Ga. App. 512, 522 (160 SE2d 844). In that case, my dissent was based upon both the pleadings and the evidence. The evidence here completely fails to show that the petitioners are entitled to a declaratory judgment.