33677. KINGSBERRY HOMES v. FINDLEY et al.

PER CURIAM.

Findley filed a complaint against appellant and one Sikes seeking damages for breach of a house construction contract, and injunctive relief. The complaint alleged improper performance of a written contract between Findley and Sikes, a copy of which was attached. He alleged that the defendant Sikes was an agent for the defendant-appellant Kingsberry when the contract was executed and that the contract provided for construction of a Kingsberry Home upon the land of the complainant. Damages were sought against both defendants. Defendants filed separate defensive pleadings, each denying that Sikes was an agent of Kingsberry, and alleging the contract sued upon was the individual undertaking of the defendant Sikes.

Appellant Kingsberry filed a motion for summary judgment. In support of the motion, depositions of the complainant, the defendant Sikes, and other parties were introduced. Findley filed an evidentiary affidavit in opposition to the motion. The motion was denied by the trial court, and interlocutory appeal was granted to

consider the appellant's contention that the trial court erroneously denied its motion for summary judgment on the assertion that the relationship of principal and agent did not exist between it and Sikes.

The integrated contract involved identified Findley as the "Buyer," and Sikes as the "Contractor." These two also executed the contract individually. The contract makes no reference to Kingsberry on its face. It incorporates eleven sheets of plans and five sheets of specifications. The specifications provide, "This Kingsberry Home complies with Southern Building Code Congress Report 7290-74." The specification sheets refer to standards of other manufacturers, such as, "exterior painting material, *Sheraton Olympic,* stain or equal; windows, type single hung, make *Look Products;* sink, kitchen, *Dayton;* lavatory, *American Standard,* water closet, *American Standard;* bathtub, *Owens-Corning;* Kitchen exhaust fan, make and model, *Kingsberry;* kitchen exhaust vent, *Home Metal Products;* range, dishwasher and disposal unit, *G. E.* " The body of the contract provides, "Time is of the essence of this contract, and *any representations, promises* or *inducements* not included in this contract shall not be binding upon either party." (Emphasis supplied.)

The contract was amended by four documents known as change orders and these were executed by Findley and Sikes, Dan Sikes Construction Company, contractor. One of these provided, "Four interior doors to include steel frames with foam core for maximum insulation as per Georgia Power Company to be shipped from Kingsberry in Alabama. These specs were given directly to Mr. Paul Foster, Kingsberry representative by telephone." One provided walls and riviera have been factory installed by Kingsberry. Another said that it superseded the original heating and air conditioning contract, provided for an *Amana* unit with a one year guaranty from one Ernest Johnson.

Nothing in the written contract indicates in any way that Sikes was a representative of Kingsberry, nor that Kingsberry was the principal.

The affidavit of Findley in opposition to appellant's motion for summary judgment shows conclusively that if

a principal-agent relationship existed between Kingsberry and Sikes, it was well known to Findley at the time the contract was entered into.

We reverse.

2. "If an agent shall fail to disclose his principal, when discovered, the person dealing with the agent may go directly upon the principal, under the contract, unless the principal shall have previously accounted and settled with the agent." Code Ann. § 4-305. However, "If the credit shall be given to the agent by the choice of the seller, he may not afterward demand payment of the principal." Code Ann. § 4-306.

"If an agent buy in his own name, without disclosing his principal and the seller subsequently discover that the purchase was in fact made for another, he may, at his choice, look for payment either to the agent or the principal, and that too, notwithstanding the title had been made to the agent, and he debited with the account. On the other hand, if at the time of the sale, the seller knows, not only the person who is nominally dealing with him is not principal but agent, and also knows who the principal really is, and, notwithstanding all the knowledge, chooses to make the agent his debtor, dealing with him and him alone, the seller must be taken to have abandoned his recourse against the principal, and cannot afterwards, upon failure of the agent, turn round and charge the principal, having once made his election at the time when he had the power of choosing between the one and the other." *Miller v. Watt & Walker,* 70 Ga. 385, 387 (1883) quoting from *Wylly v. Collins & Co.,* 9 Ga. 223 (1851). This principle was approved in the earliest days of this court. See *Merchants' Bank v. Central Bank of Ga.,* 1 Ga. 418, 429 (1846). "The general rule is this: in order to bind a principal, on a contract made by an agent, it must purport on its face, to be the contract of the principal; and his name must be asserted in it. . .It is not enough that the agent be described as such in the instrument. Story on Agency sec. 147;".

"Integrated Contracts. (1) If it appears unambiguously in an integrated contract that the agent is a party or is not a party, extrinsic evidence is not admissible to show a contrary intent, except for the

purpose of reforming the contract. . .(3) If the fact of agency does not appear in an integrated contract, an agent who appears to be a party thereto cannot introduce extrinsic evidence to show that he is not a party, except: (a) for the purpose of reforming the contract; or (b) to establish that his name was signed as the business name of the principal and that it was so agreed by the parties." Restatement of the Law 2d, Agency 2d § 323, p. 72.

There is no conflict in the evidence presented in support of and in opposition to appellant's motion for summary judgment, that Findley had knowledge of the claimed principal, Kingsberry Homes. He affirmed this conclusion by his own affidavit. Yet with this full and complete knowledge he elected to enter into an integrated contract with one of the parties he now attempts to identify as an agent of the claimed principal.

The contract is clear and unambiguous. It is executed individually by each party and their capacities are designated both in the body and below each individual signature. The contract provides for personal services by the defendant Sikes, who is identified throughout as "contractor."

"Where one, with knowledge of the agent's authority to bind his principal, deals with the agent directly and not with the principal, he cannot hold the principal liable." *Morgan v. Ga. Paving &c. Co.,* 40 Ga. App. 335 (3) (149 SE 426) (1929).

The contract liability of a principal and his agent is not joint, and after election to proceed against one, the other cannot be held. *Willingham, Wright & Covington v. Glover,* 28 Ga. App. 394 (3) (111 SE 206) (1922). The intention of the parties, as to who is to be bound where the principal is disclosed, is usually a question of fact for a jury. The declaration of intention and agreement in writing on the part of the agent to bind himself personally may be so explicit as to admit of no denial by parol. *Phinizy v. Bush,* 129 Ga. 479 (59 SE 259) (1907).[1]

We conclude that there was an express declaration in

---

[1] As to promissory notes see *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 (178 SE2d 890) (1970).

writing of an intention on the part of both parties to bind Sikes individually under the terms of the contract. The contract is so explicit as to admit of no denial by parol evidence. If the claims in this case were reversed, and it were Sikes seeking to avoid his liability under the contract upon the ground that he executed it as an agent for his disclosed principal, we would consider his position to be untenable. The reference to Kingsberry in the specifications and on the plans, which were amended before being attached to the contract, adds nothing to identify that firm as a principal. As far as the contract is concerned, Kingsberry is no more a principal than Sheraton Olympic, American Standard, Owens-Corning, Home Metal Products, or Georgia Power Company, all of whom are referred to in the contract to identify certain products going into the make-up of the building.

It was error for the trial court to deny appellant's motion for summary judgment.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED JUNE 19, 1978 — DECIDED OCTOBER 17, 1978.

*Spivey & Carlton, Milton A. Carlton,* for appellant. *Avant Edenfield,* for appellees.

JORDAN, Justice, dissenting.

Findley's complaint alleged that Sikes was the agent of the appellant in building a Kingsberry home. Interlocutory appeal was granted to consider the appellant's contention that the trial judge erroneously denied summary judgment to it on its assertion that the relationship of principal and agent did not exist between it and Sikes. After a careful examination of the evidence on the motion for summary judgment, it is my opinion that the appellant-movant did not carry its burden of proving that there was no question of fact on the issue of agency.

I would affirm the denial of appellant's motion for summary judgment.

I am authorized to state that Justice Hall concurs in this dissent.