### SMITH *vs.* BRYAN.

Where there is no approval of the brief of evidence by the presiding judge and no reference thereto in the bill of exceptions, the writ of error must be dismissed, no error being assigned which could be determined without such evidence.

(a.) Had there been an approval of the brief of evidence, the verdict was not contrary to the weight thereof.

Practice in the Supreme Court. September Term, 1879.

A *fi. fa.* in favor of Bryan against Daniel was levied on certain land, which was claimed by Smith. The claimant insisted that he had been a security on an official bond for Daniel, and lost money therefrom; that Daniel offered to reimburse him by turning over to him a mule; that he did not want the mule, and Daniel then traded it to a third party for the land now in dispute, and had the title made to claimant for the purpose above stated. The plaintiff insisted that the deed was antedated, that it was made after his judgment was obtained, and was therefore a fraud on

Smith *vs* Bryan.

him.   The jury found the property subject.   Claimant moved for a new trial on the ground that the verdict was contrary to law, evidence and the weight of the evidence. The motion was overruled, and he excepted.   The brief of evidence in the record was not approved, nor was there any reference thereto in the bill of exceptions.   The writ of error was therefore dismissed.

R. W. CARSWELL, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Justice.

This was a motion for a new trial.   In such a case it is not necessary that the brief of evidence be embodied in the bill of exceptions, but it may come up in the record, if it be referred to in the bill of exceptions, so that the attention of the presiding judge is directed to it.   Code, §4253. No reference is made to the brief of evidence in this bill of exceptions, nor does the record contain any approval thereof by the judge.   The only grounds for the new trial are that the verdict is against law and evidence ; therefore the evidence is absolutely necessary to review the case, and the writ of error must be dismissed.   The plaintiff in error loses nothing, however, by the dismissal ; for if what purports to be the evidence in the record be that which was before the superior court, and if the court charged the law correctly, (and there is no copy of the charge or exception thereto in the record, and the presumption is that the court did so charge correctly) the case made is one of fraud or no fraud, and in case of fraud a trust resulted in Smith, the grantee and claimant, for the benefit of Daniel, the defendand in *fi. fa.*, as Daniel's mule paid for the land, and it was properly subjected to the payment of his debt, the jury having found that issue of fraud in favor of the plaintiff in execution,—as must have been done if it was properly submitted by the charge.   There is sufficient evidence, if that

which purports to be the evidence be correct, to sustain such finding ; and thus in any event the judgment would have been affirmed. In order to preserve the uniformity of our decisions and the plain statute—Code, §4253—the bill of exceptions being defective, the writ of error is dismissed.