McArthur & Griffin *et al. vs.* DeVaughn *et al.*

1. Where a bill of exceptions was dismissed prior to the act of 1881, it will not be reinstated on the ground that by that act the defect could be cured by amendment.
2. The exception being to the overruling of a motion for a new trial, a reference to the brief of evidence must be made in the bill of exceptions. Prior to the act of 1881 this could not be supplied by amendment; nor under that act is it likely that a reference to the record could be supplied out of itself.

Practice in the Supreme Court. September Term, 1881.

This case was called September 14th, 1881, and a motion made to dismiss it because the bill of exceptions contained no reference to the brief of evidence, the exception being to the overruling of a motion for new trial. Counsel for plaintiffs in error offered to amend by inserting such reference. This was refused, and the case was dismissed. The act of 1881, regulating practice in the supreme court, was approved September 28th, 1881. On November 14th, 1881, plaintiffs in error moved to reinstate the case on the docket. This was refused.

R. K. HINES; R. F. LYON; ROBERTS & DELACY; McCAY & ABBOTT, for movants.

No appearance *contra.*

JACKSON, Chief Justice.

There is nowhere in this bill of exceptions any reference made to the brief of the evidence as contained in the record. The error assigned is the refusal to grant a new trial. In such cases, while the evidence need not be incorporated in the bills of exceptions, there must be a reference to it as in the transcript of the record.

Such is the plain provision of the statute, Code, §4253; and the adjudications of this court thereon. 61 *Ga.*, 492; 63 *Ib.*, 145; 64 *Ga.*, 366; *Atlanta etc. Air-Line Railway Co. vs. Smith, admix.*, 66 *Ga.*, 205.

A motion was made to reinstate this cause, on the ground that the bill of exceptions could be amended by the record, under the act of 1881 especially. That act has no application to this cause, because it was dismissed before its passage. Even if applicable, it is doubtful, to say the least, whether *reference to the brief of evidence* required to be *in the bill of exceptions*, could be put in it by invoking the record. The record could not supply *a reference to itself*, because it would not contain *that reference*, but only the thing referred to.

Certain acts not incorporated in the Code are also invoked in aid of the motion, and a very able argument is made, based upon the omitted parts of those acts. But to support that argument, it would be necessary to reverse a long line of decisions from 38th Georgia Reports down to this day. Even if the argument were otherwise satisfactory, it is enough to say that "*stare decisis*" is an answer to it. It is better that long continued erroneous construction of law should stand than that new ideas should overturn it; and such was the general policy of this court under its first justices, and this policy or rule of decision has been applied to a large variety of subjects since. We do not mean to say that any of these decisions attacked by this argument of counsel are erroneous, for we are not satisfied that they are; but even if they were, they should stand as a less evil than it would be now to uproot them.

It is sought also to take this cause without the principle covered by the cases in the 61st Georgia, the 63d, 64th, and that of the Air Line Railroad Company; but we think that the principle there ruled covers this case completely.

A statute of the state makes it imperative that when the brief of evidence is not embodied in the bill of exceptions, but comes up in the abstract of the record for the review of motions for new trial, a *reference* thereto must be in the bill of exceptions. It is a simple requisition. It can be easily complied with; why should it not be done? Reasonable or unreasonable, it is the law. The general assembly may require what it pleases to appear in that bill, and, unless unconstitutional, it is the duty of this court to enforce its requirement.

Motion to reinstate is denied.