2900. McINTIRE *v.* HARTFELDER-GARBUTT CO.

The owner of an automobile usually is not liable for injuries inflicted by one who at the time is driving it without his consent and contrary to his directions, even though the person driving it is his employee and has authority to use it at times for certain purposes.

DECIDED JUNE 7, 1911.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 25, 1910.

*Cann, Barrow & McIntire,* for plaintiff.

*Oliver & Oliver,* for defendant.

POWELL, J. The plaintiff was injured by the negligent operation of an automobile driven at the time by a Mr. Starr. The only proof of any connection between the defendant and the machine, or between the defendant and Starr, was contained in a letter written by the defendant to the plaintiff's attorney, which was introduced in evidence. So far as material it is as follows: "Replying to your favor of the 19th in reference to Mr. Chas. A. McIntire being struck by our machine being operated by Mr. Starr, beg to say that we provide a machine for our city salesman for business use only. Mr. Starr occupies this position with us. The day he was unfortunate enough to strike Mr. McIntire with the machine, Mr. Starr took this machine without our permission, to go to dinner. He was instructed to leave the machine at Bryson's, or Conrad's, I am not exactly sure which. He was going to dinner, and consequently we had no control over him, and while using our machine was doing so without our permission." The court granted a nonsuit, and plaintiff excepts.

Counsel for the plaintiff construe this letter as meaning that Starr had been directed by the defendant to take the machine to

Bryson's or Conrad's garage, and was on his way there, as well as on his way to dinner, when the injury occurred. We do not so construe the language. It seems to us to mean, when taken in connection with its entire context, that, notwithstanding Mr. Starr had been directed not to take the machine for the purpose of going to dinner, but had been instructed to leave it at the garage, he did the former. With the letter thus construed, it puts the case within the rule announced by this court in the case of *Lewis* v. *Amorous,* 3 *Ga. App.* 50 (59 S. E. 338). This case arose prior to the passage of the automobile act of 1910 (Georgia Laws 1910, p. 90), and we have not examined that act to see whether there is anything therein which changes the common-law rule previously in force in this State as to this question.                          *Judgment affirmed.*