21580.  POWELL *v.* CORTEZ.

DECIDED OCTOBER 8, 1931.

*James L. Belflower,* for plaintiff in error.  *T. J. Lewis,* contra.

LUKE, J.  In an action in the city court of Decatur, the petitioner claimed damages accruing as the result of injuries sustained by her infant son (on whose behalf she sued) who was violently struck by a motorcycle driven by an employee of the defendant. She alleged that the injuries were directly caused by the negligent operation of the motorcycle upon a public street within a congested

area within the City of Atlanta by the defendant's employee within the scope of his employment and in pursuit of the employer's business.

A verdict for $1,000 was rendered. The defendant's motion for a new trial was overruled, and he excepted. In the motion for a new trial it is alleged that the verdict was without sufficient evidence to support it, because the plaintiff failed to show, by a preponderance of the evidence, that the defendant's employee was acting for the defendant within the scope of his employment at the time of the accident.

It appears from the record that the employee used his own motorcycle in making delivery of purchases to customers of the defendant, who was engaged in the business of conducting a drugstore; that the employee, with his motorcycle, was employed upon a weekly wage or salary; that the defendant, just before the accident occurred, gave the employee the necessary money and directed him to go out and procure a supply of gasoline for his motorcycle, and "come immediately back from the filling-station and get some packages and make deliveries;" and that the employee, after obtaining the gasoline, started off in a direction opposite to that of the drug-store, with the intention of seeking out another boy "to work for him;" whereupon, according to one witness, he ran the motorcycle into a group of small children returning from school, striking and seriously injuring the complainant's child, and, after seeing that the child was cared for, immediately returned to the drug-store and proceeded with his regular employment of making deliveries of packages.

From uncontradicted evidence it appears that the employee disregarded the employer's instructions, in that he started out from the filling-station in a direction directly opposite to that of the drug-store; that he was not, at the time of the accident, engaged in making delivery of any package of his employer, but was on his way to see another boy "to get him to work for him." It does not appear whether the proposed arrangement, "to get another boy to work for him," was in any way connected with the employer's business. It does not appear that the employer had anything to do with that proposed arrangement, or, indeed, that he had any knowledge of the purpose of his employee in that direction. From all that can be ascertained from the brief of evidence, the employee

had turned away from the employer's service for the time being, and the accident occurred while he was thus otherwise engaged.

It is evident from the record that the case was submitted to the jury upon the theory that, although there was a deviation upon the part of the employee from the scope of his employment, and such deviation was for an end of his own, the act of the employee, though he may have derived some benefit from it, was so closely connected with the employer's affairs that it might fairly be regarded as within the scope of the employment; but in our view the uncontradicted facts shown by the evidence are not in their nature appropriate to support such a theory of the case. We can not see from the evidence that it can fairly be concluded that the employee, at the time of the accident, was actually engaged in the service of the employer, or that he was engaged in the performance of any duty in any way related to the service of his employer. It was error, therefore, to deny the defendant's motion for a new trial; and the judgment of the trial court is set aside and a new trial awarded.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*