22187.   ATLANTA COCA-COLA BOTTLING COMPANY
*v.* BROWN.

452

Decided February 14, 1933.

*Harold Hirsch, Marion Smith, T. J. Long,* for plaintiff in error.
*Ben C. Williford,* contra.

JENKINS, P. J. This suit is grounded squarely upon the doctrine of respondeat superior, that the act of the servant was the act of the master, done within the scope of and in the course of his employment. It is not based upon the theory that the master was negligent in employing unsuitable servants, such as in legal contemplation might have charged it with knowledge that the alleged tort would be committed. It is not intimated or suggested that the master did know or could possibly have known, anticipated, or suspected that the servant would do the acts complained of. That the servant is alleged to have become angered with the plaintiff and nursed a private grievance against her on account of her having reported him for a previous lack of efficiency in a prior transaction pertaining to the master's business does not render the master liable for the act of his servant in stepping aside from the business in which he was then engaged and for which he was employed, and committing the tort complained of, wholly unrelated to the duties which he was performing and for which he was engaged.

*Judgment reversed. Sutton, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The petition also alleges that the serv-

ant of the defendant "in making said statements" "was waving his hands and walking toward her [the plaintiff] in an effort to assault her." I am of the opinion that the servant was acting within the scope of his authority, and that the petition set out a cause of action. See, in this connection, the dissenting opinion of Humphreys, J., in American Railway Express Co. v. Mackley, 148 Ark. 227 (230 S. W. 598).