## 22573. DAWSON CHEVROLET COMPANY *v.* FORD.

DECIDED AUGUST 4, 1933.

*Pottle, Farkas & Cobb, R. R. Jones,* for plaintiff in error.

*Henry A. Wilkinson, Henry Wilkinson,* contra.

MACINTYRE, J. J. W. Ford brought an action against Dawson Chevrolet Company to recover damages caused by defendant's servant, Joe Davis, negligently driving its Chevrolet touring car into the rear of plaintiff's wagon. The court, trying the case without the intervention of a jury, rendered a judgment against the defendant for $241.20, and costs. The determining question in the case is whether or not the defendant was responsible for the act of its servant in driving the automobile into the wagon.

The gist of Joe Davis's testimony, in so far as it is pertinent to the issue presented, is that it was his duty as an employee of Dawson Chevrolet Company to get ice every morning from the Atlantic Ice & Coal Company and return with it immediately to his employer's place of business; that on the occasion in question he got the ice and proceeded with it in the automobile he was driving in the opposite direction from his employer's place of business, and ran into plaintiff's wagon "just beyond the Elladale estate, about a mile and a quarter from town . . in the opposite direction from the ice company's plant relative to the Dawson Chevrolet Company's place of business;" that he "was not down there on any business for the Dawson Chevrolet Company, . . was just out there riding for my own pleasure," at "about thirty miles an hour;" and that if he "had followed the instructions about getting the ice and

returning immediately with it, the accident would not have happened."

Henry Grant testified that he was shop-foreman for Dawson Chevrolet Company and Joe Davis worked for said company under witness's supervision and orders; that witness "gave him ice-tickets and told him to go for ice every morning;" that Davis "did not have authority to drive the automobile with which he ran into the team at all," but had "instructions to use a service-truck," and to use it "only for the purpose of going to the ice plant to obtain the ice and return immediately;" that Davis "had no business for the Dawson Chevrolet Company on the Sasser Road that morning where the accident occurred;" that said place "was in the opposite direction from the Dawson Chevrolet Company with respect to the Atlantic Ice & Coal Company;" and that "one is on the north side of Dawson and the other is on the southeast side of Dawson."

In order to make the defendant liable in this case it must appear that the employee was "in the prosecution of" his employer's business. Civil Code (1910), § 4413; *Greeson* v. *Bailey,* 167 *Ga.* 638, 639 (146 S. E. 490). In the well-considered case of *Savannah Electric Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322), the rule is stated in this language: "If a servant steps aside from his master's business, for however short a time, to do an act entirely disconnected from it, and injury results to another from such independent voluntary act, the servant may be liable, but the master is not liable." In that case (p. 472) the following language from Thompson's Commentaries on the Law of Negligence, volume 1, § 526, is quoted with approval: "The test by which to determine whether the master is liable for the tortious act of his servant is not whether it was done during the existence of the employment, that is to say, during the time covered by the employment, but whether it was done in the prosecution of the master's business. Upon this subject it has been said: 'In determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was *at the time* engaged in serving his master. If the act be done while the servant is at liberty from the service, and pursuing his own ends exclusively, the master is not responsible. If the servant steps aside from his master's business, *for however short a time,* to do an act not connected with such business, the relation of master and servant is for the time

suspended.'" This rule is quoted with approval in the *Greeson* case, supra.

We are aware of the fact that in *Limerick* v. *Roberts*, 32 *Ga. App.* 755 (124 S. E. 806), this court approved a charge that "if a servant or employee, while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the course of his employment." In the *Limerick* case, where the verdict against the employer was upheld, the employee, who appeared to be in charge of "everything" during his employer's absence, while en route to collect a bill for his employer in an automobile of the employer which he had authority to use for that purpose, deviated slightly to get his hat and coat in order to be "properly attired to collect the account" from the principal of a certain school. In the case at bar, after getting the ice (in an automobile other than the one he was authorized to use for that purpose), the employee, instead of carrying the ice "immediately" to his employer's place of business, as it was his duty to do, proceeded in the opposite direction from the place of business of his employer on what he termed a "joy ride,"—an enterprise which was purely the private affair of the employee, and one which bore no relation whatever to the prosecution of his employer's business. We are satisfied that the facts of the case at bar bring it within the rule announced in the *Hodge* case, supra, and not within the "slight-deviation rule" announced in the *Limerick* case. See *Powell* v. *Cortez*, 44 *Ga. App.* 205 (160 S. E. 698); *Selman* v. *Wallace*, 45 *Ga. App.* 688 (165 S. E. 851). We hold that the evidence does not support the verdict, and that the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*