30678.   NICHOLAS. *v.* CALLAWAY.

DECIDED JANUARY 19, 1945.

42

*D. W. Mitchell,* for plaintiff.

*R. Carter Pittman,* for defendant.

MacINTYRE, J. In the instant case the driver [servant] knew that the truck of the master was so injured that it could not be used for the general purpose of making the trip to Canton, a nearby town, in the business of the master, as he had been instructed to do on the day in question. So, instead of making the expected business trip to Canton for his master, the servant decided, without consulting the master, to start on a trip to his home to inform his wife that he was not going to Canton, as he had expected to do, and before he reached his home he collided with the automobile in question. When Wells took the truck, in its injured condition, from the garage where it had been left by the master the night before, it was not to drive it on any general business trip for his employer, but to make a special trip to inform his wife that he was not going to Canton, and the collision in question happened while he was in route from the garage to his home. A

different question might be presented if the employee had started on a general business trip for his employer and merely diverged from such course by a slight deviation incidental to his employment. In the instant case, the servant had withdrawn the truck in an injured condition from the garage without the knowledge or the consent of the employer, and had started on a journey wholly for his own purpose. So far as the evidence shows, it was entirely immaterial to the employer whether the employee's wife knew that he [the servant] was not going to Canton. Thus the journey upon which the servant had started was only for his own purposes and without the knowledge and consent of his master. And during the interval of this trip the master was not liable for the negligence of the servant, and the judge did not err in directing a verdict against Nicholas. See *Reddy-Waldhauer-Maffett Co.* v. *Spivey,* 53 *Ga. App.* 117 (185 S. E. 147); *McEntire* v. *King,* 59 *Ga. App.* 865 (2 S. E. 2d, 195); *Georgia Power Co.* v. *Shipp,* 195 *Ga.* 446 (24 S. E. 2d, 764); *Dawson Chevrolet Co.* v. *Ford,* 47 *Ga. App.* 312 (170 S. E. 306); *Savannah Elec. Co.* v. *Hodges,* 6 *Ga. App.* 470 (65 S. E. 322); *Gillespie* v. *Mullally,* 30 *Ga. App.* 118 (117 S. E. 98); *Wilson* v. *Quick-Tire Service,* 32 *Ga. App.* 310 (123 S. E. 733); *Lewis* v. *Amorous,* 3 *Ga. App.* 50 (59 S. E. 338); *Garner* v. *Souders,* 20 *Ga. App.* 242 (92 S. E. 965); *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (94 S. E. 636); *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*