34601. PARKS *v.* JONES *et al.*

DECIDED MAY 13, 1953.

*James H. Wood, Brannon & Brannon,* for plaintiff in error.

*Telford, Wayne & Smith, Kenyon, Kenyon & Gunter,* contra.

FELTON, J. The petitioner claims a legal right to the fund set up by the House Resolution (Ga. L. 1952, p. 503), as against the defendants named in the petition, and seeks a legal declaration of such rights. We think what was said in *Georgia Casualty &c. Co.* v. *Turner,* 86 *Ga. App.* 418 (71 S. E. 2d 773), is applicable in the instant case. The court said: "The purpose of the act [Declaratory Judgment Act of 1945, Ga. L. 1945, p.

137] is, as declared in section 13 thereof, to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and the statute is to be liberally construed. [Citations] . . . Whether or not the plaintiff is entitled to a declaratory judgment upon a hearing is not dependent upon a determination of whether or not his contention in the controversy be a correct one. It may be found untenable upon the hearing, but he will not for that reason be sent from court, but is entitled to have the court, upon evidence and not upon the hearing of a general demurrer, declare his rights or lack of any right in the premises. To withstand a general demurrer, it is only necessary that the plaintiff show an existing justiciable controversy as provided by the Declaratory Judgment Act. It is not necessary that the petition go farther and show that the plaintiff's contention is correct."

The plaintiff presented a justiciable issue and is entitled to an adjudication of his claim on the merits of the case.

The court erred in sustaining the oral motion to dismiss and in dismissing the action.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*