34743.   DARLING *et al. v.* JONES *et al.*

Decided October 1, 1953.

814

*Harris, Chance & McCracken,* for plaintiffs in error.
*Congdon, Harper & Leonard,* contra.

SUTTON, C. J. ■ The petition seeks a judgment declaring the status of the petitioners as creditors of the estate of Henry

B. Darling. Such a declaration is ultimately dependent upon the construction and effect to be given to the alleged note. The petitioners contend that its provision for cancellation upon the death of Mary E. Jones, the payee, must be construed so as to refer to her death only if occurring before the death of Henry B. Darling. The petitioners alleged that the defendants' contention is that the obligation of the note ceased to exist upon the death of Mary E. Jones, regardless of whether her death occurred before or (as it did) after the death of Henry B. Darling. The note had not reached its maturity and was "subject to renewal at end of five years." Whether or not the petitioners are creditors of the estate of Henry B. Darling to the extent of the principal of the note and the interest accrued thereon, either to the time of Mary E. Jones' death or to the time of filing suit, is a matter in controversy, based upon events which have already taken place; and it appears that the determination of this controversy is necessary to afford relief to the petitioners from uncertainty and insecurity as to their rights in relation to the estate of Henry B. Darling.

Code (Ann. Supp.) § 110-1107 is as follows: "Without limiting the generality of any of the foregoing provisions, any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, ward, next of kin, cestui que trust, in the administration of a trust or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto and a declaratory judgment: (a) to ascertain any class of creditors, devisees, legatees, heirs, next of kin or others, or (b) to direct the executor, administrator, or trustee to do or abstain from doing any particular act in their fiduciary capacity, or (c) to determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." The petitioners, as the holders of what purports to be a note issued by the decedent but which has been repudiated by his executors, are entitled to a declaratory judgment under the terms of this Code section.

As ruled in *Georgia Casualty & Surety Co.* v. *Turner*, 86 *Ga. App.* 418, 422 (71 S. E. 2d 773): "Whether or not the plaintiff is entitled to a declaratory judgment upon a hearing, is not de-

pendent upon a determination of whether or not his contention in the controversy be a correct one. It may be found untenable upon the hearing, but he will not for that reason be sent from court, but is entitled to have the court, upon evidence and not upon the hearing of a general demurrer, declare his rights or lack of any right in the premises. To withstand a general demurrer it is only necessary that the plaintiff show an existing justiciable controversy, as provided by the Declaratory Judgment Act. It is not necessary that the petition go farther and show that the plaintiff's contention is correct." Also see *Parks v. Jones,* 88 *Ga. App.* 188 (76 S. E. 2d 449). Therefore, in ruling that the allegations of the petition show that the petitioners are entitled to a declaration of their rights in the premises, we make no ruling as to whether the contention of the petitioners in the alleged controversy is meritorious or not.

The existence of another remedy, such as a suit at law for accrued interest on the unmatured note, does not prevent the petitioners from bringing this action for declaratory relief. "Declaratory judgments are not confined to cases where no other relief is available." *Felton* v. *Chandler,* 75 *Ga. App.* 354 (4) (43 S. E. 2d 742). And the superior courts "have power to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations." *Calvary Independent Baptist Church* v. *City of Rome,* 208 *Ga.* 312, 314 (66 S. E. 2d 726).

■ Henry B. Darling, individually and as the residuary legatee of his father's estate, appears to have an interest in the controversy over whether or not the note for $10,000 is a debt to be paid out of that estate, and so he was properly made a party defendant. It is true, as argued by the plaintiffs in error, that a legatee is not liable for the debts of his testator, ordinarily, but the liability and the debt are not alleged to exist on the part of Henry B. Darling, Jr., individually, but are alleged to exist against his father's estate, as represented by him and the bank.

■ The court did not err in denying the motion to dismiss the petition or in overruling the demurrers to the petition.

*Judgment affirmed. Felton and Worrill, JJ., concur.*