## 34650. WINDSOR *v.* CHANTICLEER & COMPANY.

DECIDED NOVEMBER 7, 1953.

*Joseph G. Faust, Kay Tipton, T. J. Long,* for plaintiff in error.
*E. B. Judge, E. P. Brown,* contra.

QUILLIAN, J. █ As may be seen from the resume of the evidence, there was absolutely no basis upon which the defendant could be held liable on the theory of respondeat superior. While ordinarily this is a question for the jury to decide, the evidence in this case did not, in any view, authorize a finding that the driver of the defendant's truck was acting within the scope of his employment at the time of and at the place of the collision. Under the evidence this was not a case of deviation, but of complete departure from the scope of the employment. *Reddy-Waldhauer Maffett Co.* v. *Spivey,* 53 *Ga. App.* 117 (1) (185 S. E. 147).

Neither can the defendant be held liable upon the theory that he was negligent in the selection of the employee. The only basis for the plaintiff's assertion of liability on the part of the defendant in this respect rests on the evidence that the defendant knew that the employee had a criminal record, and evidence that the employee had pleaded guilty and been convicted of larceny from the house in 1935, burglary in 1939, and cheating and swindling in 1944. However, there was no direct evidence that the defendant knew of the specific crimes of which the employee had been convicted, but only that he knew that Rhodes had served a prison sentence. Assuming, but not deciding, that to employ one and to entrust him with possession and control of a large lumber truck, knowing that he had a prison record, constitutes negligence on the part of the employer in the selection

of the employee, and that such facts authorize a finding that the employee with such a criminal record was incompetent in some particular—no connection between such incompetence and the negligence of the employee which caused the injury to the plaintiff is shown by such evidence. As was said in *Camilla Cotton Oil &c. Co.* v. *Walker*, 21 *Ga. App.* 603 (3) (94 S. E. 855): "It is incumbent upon the injured servant . . . except where the employer is a railroad company, to show the following facts: first, that the fellow servant was incompetent; [and] second, that the injury complained of resulted directly or proximately from *such* incompetency." (Italics ours.) While this ruling was made in a case involving an application of the fellow-servant rule, it is nevertheless applicable in a case such as the instant one where a third person has been injured by the negligence of the servant and is seeking to hold the master liable on the basis of his negligence in selecting the agent or servant who inflicted the injury. It cannot be said that to employ one known to have pleaded guilty of larceny from the house, guilty of burglary, and guilty of cheating and swindling, can be negligence with respect to the ability of such employee to drive an automobile or a truck.

The failure of a driver of an automobile or motor truck to have a driver's license, where it does not appear that such failure had any causal connection with the injury inflicted, is not a ground of negligence authorizing a recovery against the driver or his master, and the mere employment of one to drive knowing that he does not have a driver's license, does not constitute actionable negligence. *Aycock* v. *Peaslee-Gaulbert &c. Co.*, 60 *Ga. App.* 897 (5 S. E. 2d 598).

The evidence did not authorize the verdict for the plaintiff and the trial court erred in overruling the general grounds of the motion for new trial.

■ The only special ground of the motion for new trial complains of a portion of the charge of the court. Under the circumstances of this case, this complaint is not likely to recur on another trial, and for that reason this ground of the motion is not considered.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*