35164.   MEDLOCK *v.* BARFIELD *et al.*

DECIDED OCTOBER 5, 1954.

760

*Robert W. Reynolds,* for plaintiff in error.

*Eugene C. Black, Louis Peacock,* contra.

NICHOLS, J.   The defendant Medlock admits that Taylor was negligent, was an untrained driver, and had permission to drive Medlock's automobile in a specified area, and that Medlock knew Taylor was an untrained driver.   Medlock concedes his liability if Taylor had driven into the plaintiff's automobiles while driving around the block designated.   He contends that Taylor was a bailee of the car for the sole purpose of driving it around the block and, in using it for another purpose and for a longer time than was agreed upon, was guilty of a conversion and so is solely responsible for the damages incurred to the property of the plaintiffs.

That this theory does apply to determine the liability as between the parties to a bailment is illustrated in the cases cited by the defendant: *City of Columbus* v. *Howard,* 6 *Ga.* 213; *Gorman* v. *Campbell,* 14 *Ga.* 137; *Malone* v. *Robinson,* 77 *Ga.* 719; and *Farkas* v. *Powell,* 86 *Ga.* 800 (13 S. E. 200, 12 L. R. A. 397).   But as to third parties, where the bailor entrusts a defective automobile to another, or entrusts an automobile to an incompetent driver, this rule has no application, and is superseded by the broader rule that the bailor must exercise ordinary care to prevent injuries to persons within the range of foreseeable operation of the automobile.   As held in *Hertz Driv-Ur-Self Stations* v. *Benson,* 83 *Ga. App.* 866 (3 b, c) (65 S. E. 2d 191): "The bailor's liability is not determined alone by the provisions and warranties of the bailment contract, but also by the limits imposed by the doctrine of proximate cause, that is, whether the

defendant should have foreseen the consequences of his negligence, as a natural and probable result.

"In order for a party to be liable as for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result." Also see *Lenderman* v. *Haynie,* 89 *Ga. App.* 513, 518 (1) (80 S. E. 2d 216), and citations.

In this case, the court as the trior of the facts was authorized to find that Medlock was negligent in entrusting his automobile to Taylor, knowing that Taylor was learning to drive, had not been licensed to drive (see Code, Ann. Supp., § 92A-9915), and was an "untrained driver," and also to find that Medlock should have foreseen, in the exercise of ordinary care, that Taylor might injure the property of others. Without considering the question of liability as between Taylor and Medlock for the damage to the property bailed, Medlock's automobile, the court was authorized to find that Medlock's negligence, concurring with Taylor's, was the proximate cause of the damage to the plaintiffs' property, and so to render judgment against Medlock. See *Nu-Grape Bottling Co.* v. *Knott,* 47 *Ga. App.* 539 (1) (171 S. E. 151); *Crisp* v. *Wright,* 56 *Ga. App.* 338 (192 S. E. 390); *Burks* v. *Green,* 85 *Ga. App.* 327, 329 (69 S. E. 2d 686).

The court properly refused a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*