38861. BUFFINGTON *et al.* v. NEW HAMPSHIRE FIRE INSURANCE COMPANY.

Decided June 26, 1961—Rehearing denied July 11, 1961.

*Telford, Wayne & Smith, Tifton S. Greer,* for plaintiffs in error.
*Whelchel, Dunlap & Gignilliat, Wm. P. Whelchel,* contra.

FELTON, Chief Judge. 1. The court did not err in overruling the general demurrer to the petition. The petition at least stated a cause of action for a declaratory judgment as to the question whether the plaintiff was obligated to defend the proposed action against the insured. *Darling v. Jones,* 88 Ga. App. 812 (78 SE2d 94); *Georgia Cas. &c. Co. v. Turner,* 86 Ga. App. 418 (71 SE2d 773).

2. Going strictly by the allegations of the petition and construing the petition most strongly against the plaintiff, the contentions of the plaintiff with reference to the endorsement and its meaning are based upon the fact that in one isolated instance

the 19-year-old husband of the insured operated the automobile of the insured. It is contended that this isolated act violated the contract which the insured made with the insurance company in the endorsement set out above. It is contended by the plaintiff that the proper construction of the endorsement is that it is a contract by which Mrs. Buffington agreed that the insurance company would not be liable under the policy for any injuries inflicted by any male driver of said automobile under the age of 25 during the term of the policy, even though injuries were inflicted by a 19-year-old driver who drove the automobile only one time. A cardinal rule of construction of the endorsement, too well known to require support of citations, is that in cases of ambiguity, and we decidedly have one here, the construction must be against the insurance company. The endorsement does not say in unambiguous terms that no liability would exist as to damages arising out of the driving of the vehicle by one less than 25 years of age. The words "there are no male drivers under 25 years of age driving this car," reasonably construed, mean there were no such drivers who drove the car more than incidentally or on isolated occasions. It certainly cannot reasonably be construed to mean that "there are no drivers under 25 years of age who now drive the car and there are none who will even in isolated instances, or occasionally, drive it during the term of the insurance policy." We think that if the insurance company had intended such a meaning it would simply have provided in the policy that there would be no coverage as to damages caused by a driver under 25 years of age, or it would have made such a provision by an unambiguous rider. We think that the parties intended to exclude liability as to those drivers under 25 who with *some degree* of regularity drove the car. We think that the intention was to escape a continuous, regular risk due to young drivers and not to absolutely escape from such risks when they were infrequent and merely occasional. We could give many instances where we think that to say an insurance company intended to escape the risk of occasional driving by one under 25 would be palpably unreasonable. We repeat that we do not believe that the parties intended to exclude liability on the company's part in case of an isolated or even occasional driving by

a male under 25 years of age. We do not agree with the extreme conclusion reached in Kautz v. Zurich General Accident & Liability Co., 212 Cal. 576 (300 P. 34), in which it was held that an endorsement stating that an automobile is maintained and garaged at a particular place was not a continuing condition but applied only as of the date of the statement, or that in Mayor, Lane & Co. v. Commercial Cas. Ins. Co., 169 App. Div. 772 (155 NYS 75, 78), where the statement that "none of the automobiles herein described are rented to others" was held to apply only to the time of the statement. See Berry on Automobiles, Vol. 2 (6th Ed.) § 2154; Huddy on Automobiles (5th Ed.) § 830. Nothing herein stated should be construed as infringing on an insurer's right to make whatever contract it pleases so long as it is unambiguous and not against public policy.

The court did not err in overruling the general demurrer. The court erred in declaring that there was no coverage under the policy as to the damages and liabilities contended for in the petition.

*Judgments affirmed in part and reversed in part. Bell and Hall, JJ., concur.*