39668.   BRENNAN v. NATIONAL NuGRAPE
COMPANY et al.

DECIDED OCTOBER 3, 1962.

*Huie, Etheridge & Harland, Jack P. Etheridge, Harry L. Cashin, Jr.,* for plaintiff in error.

*Ben Weinberg, Jr.,* contra.

FELTON, Chief Judge. The plaintiff contends that there is an issue of fact for a jury in this case for the reason that there was a presumption or authorized inference that the truck was being driven on the business of the defendant because the employee of the company was operating the vehicle at the time of the injury. This legal presumption or authorized inference is rebuttable and the facts of this case completely rebut the inference that the employee had authority to operate the truck at the time of the injury. The plaintiff also contends that the employee had simply deviated from his regular territory of operations and was returning to such territory and that under such theory the defendant was liable. This is not a case of a deviation of any kind from which the employee could be said to have been returning. The whole operation from the parking lot to his home and the part of the return trip to the point of injury was conduct unauthorized by the defendant. The fact that the employee had on clothes containing the insignia of the defendant and the fact that the truck contained the insignia of the defendant cut no figure whatsoever. When the employee drove the truck to the parking lot, stopped it, cut off the engine near the gasoline tank, got out of the truck and reached the ground, his employment for the day was completed. Tearing his trousers was not the proximate result of his employment. He furnished his own clothes and it was his

duty alone to see that they were in good condition and their tearing could not be attributed to any fault of the defendant, and their tearing had no connection with his employment. The fact that the trousers tore while he was alighting from the truck is merely a coincidence. If the employee had accidentally torn his trousers while on the authorized route and had made a deviation by driving home to replace them, we might have a different case. As stated above, there was no deviation but a wholly unauthorized operation from beginning to end, from the time the employee left the parking lot after he had stopped the truck there up to the time that his truck struck the plaintiff on his way back from his home. The plaintiff in error contends that the employee's testimony in his deposition is equivocal on the question as to whether or not he had returned to the parking lot. Although he said that he did not get back and that he did not park, he stated that he pulled to the gas tank, where he ordinarily left his truck at night and got out on the ground. It does not make any difference whether he had parked the truck at the parking lot in a place where it would be left all night. He had arrived at the place where the truck was required to be parked all night and the fact that he had not parked it in any one spot would not give him authority to drive the truck home for the purely personal mission of changing his trousers. We think that this case is without question controlled by the rulings in *Nicholas v. Callaway*, 72 Ga. App. 41 (32 SE2d 836); *Wilson v. Quick-Tire Service*, 32 Ga. App. 310 (123 SE 733); *Cooley v. Tate*, 87 Ga. App. 1 (73 SE2d 72), and *Reddy-Waldhauer-Maffett Co. v. Spivey*, 53 Ga. App. 117 (185 SE 147).

The court did not err in granting the defendant's motion for a summary judgment.

*Judgment affirmed. Bell and Hall, JJ., concur.*