42216, 42217. AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON v. ADERHOLT; and vice versa.

PANNELL, Judge. 1. Where a petition for declaratory judgment brought by the insurer against the insured and a known uninsured motorist, the latter being the defendant in an action brought by the insured as plaintiff, seeks to have the court declare its rights under an exclusion clause of the policy, and seeks to enjoin the future prosecution of the suit against the uninsured motorist, but does not allege that the adjudication of the plaintiff insurer's rights is necessary in order to relieve plaintiff from risk of taking any future undirected action incident to its rights, which action without direction would jeopardize its interest, the petition fails to state a cause of action for declaratory judgment. *Pinkard v. Mendel,* 216 Ga. 487, 490 (2) (117 SE2d 336); *State Hwy. Dept. v. Georgia S. & F. R. Co.,* 216 Ga. 547, 548 (2) (117 SE2d 897); *Dunn v. Campbell,* 219 Ga. 412, 415 (134 SE2d 20); *Milton Frank Allen Publications v. Georgia Assn. of Petroleum Retailers,* 219 Ga. 665, 670 (1a) (135 SE2d 330). The petition alleges that the plaintiff has no right to intervene in a case against a known uninsured motorist under the Act of 1963 as amended by the Act of 1964 (Ga. L. 1963, p. 588 et seq.; Ga. L. 1964, p. 306 et seq.; enacting a new *Code*

§ 56-407A; *Code Ann.* § 56-407.1). In *State Farm Mut. Auto. Ins. Co. v. Glover,* 113 Ga. App. 815 (149 SE2d 852) this court held (the writer and Judge Nichols dissenting) that the insurer had a right to intervene in order to contest the liability of the known uninsured motorist to the insured, but went no further than that; and as to the plaintiff's claim in this case which arises out of an interpretation of an exclusion clause in the policy, the plaintiff has no right to have this matter determined in such intervention, as the terms of the statute do not give it the right to intervene for the purpose of having that question determined. There is no allegation in the petition claiming that the plaintiff insurer is uncertain as to its right to intervene, or as to the extent of its rights after intervening, nor any other allegation indicating that it is uncertain as to any further action on its part or that a declaration of its rights will furnish it guidance and protection. The petition, therefore, fails to meet the requirements of the Declaratory Judgment Act as amended (Ga. L. 1945, p. 137 et seq.; Ga. L. 1959, p. 236 et seq.; *Code Ann.* § 110-1101 et seq.), and the trial judge did not err in sustaining the general demurrer to the petition.

2. The cross appeal complaining of the continuation of the restraining order pending appeal to this court is dismissed with direction that the restraining order be vacated upon receipt of the remittitur from this court.

*Judgment affirmed on main appeal. Cross appeal dismissed with direction. Felton, C. J., and Frankum, J., concur.*

ARGUED SEPTEMBER 8, 1966—DECIDED OCTOBER 13, 1966— REHEARING DENIED OCTOBER 26, 1966—

*Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., Robert W. Beynart, Meade Burns,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Robert A. Elsner,* for appellee.