43155.   DITMYER et al. v. AMERICAN LIBERTY
INSURANCE COMPANY et al.

SUBMITTED OCTOBER 3, 1967—DECIDED MARCH 28, 1968—

*Burt & Burt, Donald Rentz, H. P. Burt,* for appellants.

*Farkas, Landau & Davis, James V. Davis, Smith, Gardner, Wiggins & Geer,* for appellees.

EBERHARDT, Judge. ■ The allegations and prayers of this petition clearly bring it within the ambit of the Declaratory Judgments Act (*Code Ann.* § 110-1101 et seq.). The insurer was faced with the immediate necessity of accepting an obligation to defend the suits brought by the Ditmyers against Henderson or

of repudiating the claimed obligation. It was faced with an immediacy of choice before rights might become fixed or affected by the rendition of judgments.

"Where an insurer denies coverage under a particular policy and seeks to relieve itself of its obligation to defend a pending suit against an insured because of circumstances pleaded which cast doubt on the coverage of the policy as applied to those circumstances, there is such an immediacy of choice imposed upon it as to justify an adjudication by declaratory judgment." *Nationwide Mutual Ins. Co. v. Peek,* 112 Ga. App. 260 (145 SE2d 50). Accord: *Mensinger v. Standard Acc. Ins. Co.,* 202 Ga. 258 (42 SE2d 628); *Georgia Cas. &c. Co. v. Turner,* 86 Ga. App. 418 (71 SE2d 773); *Parks v. Jones,* 88 Ga. App. 188 (76 SE2d 449); *Darling v. Jones,* 88 Ga. App. 812 (78 SE2d 94); *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801 (92 SE2d 871); *Buffington v. New Hampshire Fire Ins. Co.,* 104 Ga. App. 139 (121 SE2d 270); *Dearhart v. Reserve Ins. Co.,* 108 Ga. App. 347 (132 SE2d 809), reversed on other grounds in 219 Ga. 699 (135 SE2d 378); *Mock v. Darby,* 109 Ga. App. 620 (137 SE2d 81).

Although it is true that it is not alleged in the petition for declaratory judgment that either the plaintiffs in the pending suits or the defendant Henderson have made any demand upon the company for payment, or that they have notified it that they will look to it for payment of any judgment that may be rendered in them, "yet the plaintiffs are seeking judgments, and until they procure them they are in no position to make demand for payment upon the insurance company. Any demand or notice prior to judgment would be premature. There has been no disclaimer by the plaintiffs of intention to seek payment of their judgments by the insurance company if they get judgments. This presents not a remote or contingent future possibility of dispute but *a real and imminent threat facing the insurance company.*" (Emphasis supplied). *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 438 (117 SE2d 459). It is alleged that the Ditmyers "will attempt to enforce any judgment obtained by them against Henderson against the plaintiff under the terms of said omnibus clause," although "an actual controversy exists

between plaintiff and the defendants as to coverage under said policy."

■ The question raised is whether, at the time of the accident, Henderson was operating the pickup truck *with the owner's permission*. Although he may have been in the owner's employment, the issue under the permissive use or omnibus clause is not whether he was acting within the scope of his employment, as it would be if the suit were against the employer under the theory of respondeat superior. Nor is it a question of whether the deviation in going out to the drive-in beer hall was so great or substantial as to break the chain of employment until he should return to a point within its scope.[1] On those questions, however, see *Savannah Electric Co. v. Hodges,* 6 Ga. App. 470 (65 SE 322); *McIntire v. Hartfelder-Garbutt Co.,* 9 Ga. App. 327 (71 SE 492); *Garner v. Souders,* 20 Ga. App. 242 (92 SE 965); *Dougherty v. Woodward,* 21 Ga. App. 427 (94 SE 636); *Atlanta Baseball Co. v. Lawrence,* 38 Ga. App. 497 (144 SE 351); *Powell v. Cortez,* 44 Ga. App. 205 (160 SE 698); *Selman v. Wallace,* 45 Ga. App. 688 (165 SE 851); *Atlanta Coca-Cola Bottling Co. v. Brown,* 46 Ga. App. 451 (167 SE 776); *Dawson Chevrolet Co. v. Ford,* 47 Ga. App. 312 (170 SE 306); *Reddy-Waldhauer-Maffet Co. v. Spivey,* 53 Ga. App. 117 (185 SE 147); *Royal Undertaking Co. v. Duffin,* 57 Ga. App. 760 (196 SE 208); *Western Cas. &c. Co. v. Strozier,* 67 Ga. App. 41 (19 SE2d 433); *Nicholas v. Callaway,* 72 Ga. App. 41 (32 SE2d 836); *Fambro v. Sparks,* 86 Ga. App. 726 (72 SE2d 473); *Cooley v. Tate,* 87 Ga. App. 1 (73 SE2d 72); *Windsor v. Chanticleer & Co.,* 89 Ga. App. 116 (78 SE2d 871); *Fulton Bag &c. Mills v. Eudaly,* 95 Ga. App. 644 (98 SE2d 235); *Brennan v. National NuGrape Co.,* 106 Ga. App. 709 (128 SE2d 81); *Sparks v. Buffalo Cab Co.,*

---

[1] The test as to re-entry into the scope of employment is well stated in Restatement, Agency 2d, § 237: "A servant who has temporarily departed in space or time from the scope of employment does not re-enter it until he is again reasonably near the authorized space and time limits and is acting with the intention of serving his master's business." In the comment following it is asserted that "He cannot re-enter it, however much he desires it, until he is within the flexible limits of employment."

113 Ga. App. 528 (148 SE2d 919) ; *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514) ; *Fielder v. Davison,* 139 Ga. 509 (77 SE 618) ; *Greeson v. Bailey,* 167 Ga. 638, 640 (146 SE 490) ; *Henderson v. Nolting First Mortgage Corp.,* 184 Ga. 724, 732 (193 SE 347, 114 ALR 1022) ; *U. S. F. & G. Co. v. Skinner,* 188 Ga. 823 (5 SE2d 9) ; *Ga. Power Co. v. Shipp,* 195 Ga. 446 (24 SE2d 764) ; *Chattanooga Publishing Co. v. Fulton,* 215 Ga. 880 (114 SE2d 138).

■ The evidence here is uncontradicted that Henderson had been forbidden to use the truck on a personal mission, and that when he returned it to Miller at his home as he had first been instructed, Miller then gave further instruction that he should deliver the truck directly to Nichols Service Station and leave it there. He was to take it nowhere else.

Obviously, then, when he disobeyed the instruction and took the truck some ten miles off the route to a drive-in beer hall where he remained from about mid-afternoon until he started to leave and collided with the Ditmyers, he was on a personal mission (and he so testified), and was not within the permission given him by Miller to take the truck to Nichols Service Station.

Since he had no permission so to operate the truck, there could be no coverage of Henderson as an additional insured under the permissive use or omnibus clause of Moree's policy.

Appellants urge application of what is known as the liberal version of the "first instance permission" rule, by which permission granted to use a vehicle at the time of delivery to another extends to any and all use made of it by the bailee until it is returned to the owner, thereby affording coverage under the permissive use or omnibus clause of the policy.

In *Hodges v. Ocean Acc. &c. Corp.,* 66 Ga. App. 431 (18 SE2d 28) the "first instance permission" rule was specifically rejected, and this case has been followed in *Drake v. General Acc. &c. Corp.,* 88 Ga. App. 408 (77 SE2d 71) and *Maryland Cas. Co. v. U. S. Fidelity &c. Co.,* 91 Ga. App. 635, 638 (86 SE2d 801). We cannot, therefore, apply that rule unless we should overrule these cases, which we decline to do. *Hodges* has stood for more than a quarter century, and the rule of stare decisis inveighs against overruling, particularly where, as here, no error appears in the

decisions to be overruled. See *Shaw v. State*, 60 Ga. 246, 253; *McArthur & Griffin v. DeVaughn*, 67 Ga. 645, 647; *Georgia R. v. Ivey*, 73 Ga. 499, 501; *Almand v. Almand & George*, 95 Ga. 204, 207 (22 SE 213); *Hartley v. Nash*, 157 Ga. 402, 405 (121 SE 295); *Davis v. Penn Mut. Life Ins. Co.*, 198 Ga. 550, 563 (32 SE2d 180, 160 ALR 778), and many others, all emphasizing the importance of the observance of an established rule for giving stability to the law.

The rule urged by appellants is a minority rule, only some eight states having adopted it, and is one which is generally associated with compulsory liability insurance (see *Hodges*, and 7 Appleman, 1967 Supp.), which we do not have in Georgia. In the majority of the jurisdictions it is held, as here, that while a slight or inconsequential deviation from the permission given will not annul the coverage of the omnibus clause (see *Hodges*, supra), there is an absence of permission within the meaning of the policy if the vehicle is being driven at a time or a place or for a purpose not authorized by the insured. For a collection and discussion of the cases and the varying rules, see 72 ALR 1398-1409; 106 ALR 1259-1263; 5 ALR2d 594-668.

Insurance is a matter of contract, and unless some statute or public policy is violated it should be measured by the contract terms. In doing that we should assume that in making this contract the parties did so in contemplation of the law as it then stood under the ruling in *Hodges*, and as was afterward recognized in *Drake* and *Maryland Cas. Co.*, supra. Courts have no power or authority to change the contract or to enlarge the coverage contracted for, even by a construction of it. *Prudential Ins. Co. of America v. Kellar*, 213 Ga. 453, 458 (99 SE2d 823). "[A] change of judicial decision after a contract has been made on the faith of an earlier one the other way is a change of the law." Mr. Justice Holmes in Kuhn v. Fairmount Coal Co., 215 U. S. 349, 371 (30 SC 140, 54 LE 228). The rights of the parties should be determined "not by adjustment of equities, but by the provisions of the contracts made." *Home v. Great American Ins. Co.*, 109 Ga. App. 24, 30 (134 SE2d 865).

Nor could there be any implied permission or consent when the use of the truck was at a time and in a manner beyond the

scope of employment or of the permission granted, when the departure therefrom was complete. *Western Cas. &c. Co. v. Strozier,* 67 Ga. App. 41, supra.

Even in jurisdictions where the first instance permission rule is applied, it is generally held that where the use being made of the vehicle was *expressly forbidden,* there could be no coverage under the permissive use or omnibus clause. See 7 Appleman, Insurance, § 4370, p. 329, n. 76. The uncontradicted evidence here discloses that Henderson, as well as all other employees who used the truck, were *forbidden* to make personal use of it, and that is precisely what he was doing at the time of the accident. The undisputed evidence requires a finding that Henderson had left the ambit of the permission granted or the direction given and at the time of the collision had not returned to or re-entered its sphere. The deviation was neither slight nor inconsequential; it was complete—even in defiance of the forbidden. Consequently, even if we should overrule *Hodges* and the cases following it and declare the first instance permission rule as the law of this State, it would be of no benefit to the appellants.

Moreover, if the rule urged upon us were adopted we are apprehensive that it might disturb much of the settled law in the areas of master and servant, principal and agent, bailments, torts, trover, criminal law and others. Unauthorized use is a conversion, and conversion is inconsistent with permissive use.

If, as is urged, Henderson was known to the owner to be an habitual user of intoxicants to excess, and it should have been anticipated that he would take the pickup truck on an unauthorized personal mission for engaging in a drinking bout, as he did, plaintiffs are not left without remedy by following the rule of *Hodges.* Certainly they may proceed with their suits against Henderson. And it may well be that they can proceed against the owner under the long recognized theory of negligent entrustment. See, for example, *NuGrape Bottling Co. v. Knott,* 47 Ga. App. 539 (171 SE 151); *Crisp v. Wright,* 56 Ga. App. 338 (192 SE 390); *Burks v. Green,* 85 Ga. App. 327 (69 SE2d 686); *Windsor v. Chanticleer & Co.,* 89 Ga. App. 116, supra; *Medlock v. Barfield,* 90 Ga. App. 759 (84 SE2d 113); *Healan v. Powell,* 91 Ga. App. 787 (87 SE2d 332); *Mason v. Powell,* 92 Ga. App.

496 (88 SE2d 734); *Jones v. Dixie Drive It Yourself System,* 97 Ga. App. 669 (104 SE2d 497); *Hines v. Bell,* 104 Ga. App. 76 (120 SE2d 892); *McKinney v. Burke,* 108 Ga. App. 501 (133 SE2d 383). But see *Saunders v. Vikers,* 116 Ga. App. 733 (5, 6, 7) (158 SE2d 324).

Since the owner was not a party to the suits brought by the Ditmyers that issue is not and cannot be involved and they do not proceed upon that theory against Henderson. The negligent entrustment theory applies only in an action against an owner or one who has negligently placed the vehicle in the hands of an incompetent driver. It is a means invented for attaching vicarious liability for the negligence of the incompetent driver when there may be no other way of reaching the entrustor. It has no place in and can serve no purpose in an action brought against the driver alone. Consequently, any determination as to whether there may have been a negligent entrustment must await another day in an appropriately brought suit, between the proper parties.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur. Felton, C. J., Jordan, P. J., Hall and Quillian, JJ., concur as to Divisions 1 and 2, and concur specially as to Division 3. Pannell and Deen, JJ., dissent as to Division 1, concur as to Divisions 2 and 3. Felton, C. J., dissents from the judgment.*

FELTON, Chief Judge, JORDAN, Presiding Judge, HALL and QUILLIAN, Judges, are of the opinion that the cases of *Hodges v. Ocean Acc. &c. Corp.,* 66 Ga. App. 431 (18 SE2d 28); *Drake v. General Acc. &c. Corp.,* 88 Ga. App. 408 (77 SE2d 71) and *Maryland Cas. Co. v. U. S. Fidel. &c. Co.,* 91 Ga. App. 635, 638 (86 SE2d 801), should be overruled and this court should adopt the *first instance permission rule* as to the omnibus clause in liability insurance policies. We approve of the following editorial comment on the subject from 5 ALR2d 629-630: "The rationale of this rule apparently is that even an ordinary automobile liability insurance contract is as much for the benefit of members of the public as for the benefit of the named or additional insured and that therefore upon an injury occurring, it would be undesirable to permit litigation as to the use made of the automobile, the scope of permission given, the purposes of the bailment, and the like. . .

"Such construction of the policy is also in accord with the purpose of the various statutes adopted by several states requiring owners of automobiles to carry indemnity or liability insurance. These statutes are enacted to protect the public using the streets and highways, as a matter of public policy. The intent of the legislature is to protect those injured by automobiles, no matter who may be driving the car or where it is driven, provided the owner has voluntarily entrusted possession of the car to the driver for some purpose, and regardless of whether the person in possession of the car observes or breaks the contract of bailment.

"Another reason advanced in support of the liberal rule is that the contract of insurance is written by the insurer, which if it wanted to could have excluded by express language liability in cases where the employee deviated from the permitted use. As stated in Rikowski v. Fidelity &c. Co. (1937) 117 NJL 407, 189 A 102 (affg. (1936) 116 NJL 503, 185 A 473): 'It is within the field of general knowledge that the usual indemnity policy is, except where a statute intervenes, framed by the company whose product it is and that the person to whom a policy is issued accepts it in the form offered and pays for it that which is asked, else he does not get it. The named assured may accept the contract or he may reject it. But he does not write it. So the defendant company chose the phraseology in which its obligation is set forth. It could, by its contract, have narrowed its obligation, but one would expect that if, in the light of the public policy and the general public attitude . . . it purposed so to do, it would have phrased its contract in words more restricted than those now before us.'"

Lacking one essential vote on this court to overrule the above cases we must follow them in this case.

PANNELL, Judge, dissenting. I am of the opinion that under the pleadings and the evidence a declaratory judgment in this case is not authorized.

American Liberty Insurance Company brought an action for declaratory judgment against Partricia Ditmyer, Frank Ditmyer, Herman A. Henderson, and John Dollar Moree, which insofar as here material, alleges as follows:

"4. Plaintiff issued its policy of automobile liability insurance

number CA 246359 to John Dollar Moree covering a 1960 Chevrolet pickup truck belonging to said insured, which policy was in full force and effect on February 20, 1965, at the time of the occurrence hereinafter alleged.

"5. On February 20, 1965, said 1960 Chevrolet pickup truck was involved in a collision with a 1964 Corvair automobile owned by the defendant Frank Ditmyer and driven by the defendant Patricia Ditmyer, said truck being driven at the time of the collision by the defendant Herman A. Henderson.

"6. As a result of said collision, suits have been filed by the defendant Patricia Ditmyer and the defendant Frank Ditmyer against the defendant Herman A. Henderson in the Superior Court of Dougherty County, Georgia, being cases numbers 2121 and 2122 respectively. Copies of said suits are attached hereto and designated as Exhibits 'A' and 'B'.

"7. Said insurance policy contains a so-called 'omnibus clause' under the terms of which plaintiff agreed to pay all sums which any person driving the said truck with the permission of the defendant John Dollar Moree may become liable to pay as a result of his negligence.

"8. Said policy also imposes upon the plaintiff the obligation to defend any suits filed against any person as the result of any collision involving said 1960 pickup truck while being driven by said person with the permission of the named insured, John Dollar Moree.

"9. *The defendants Patricia Ditmyer and Frank Ditmyer are claiming and contending that the defendant Herman A. Henderson was at the time of the collision involved in said suits driving with the permission of John Dollar Moree, and said defendants will attempt to enforce any judgment obtained by them against Herman A. Henderson against the plaintiff under the terms of said omnibus clause.*

"10. Plaintiff contends on the other hand that said Herman A. Henderson was at the time of the collision driving said truck without permission or authority of John Dollar Moree, and in violation of his instructions, and that plaintiff is not liable to defend the said defendant, Herman A. Henderson, under the terms of said policy against said suits; and further that plaintiff

is not liable to pay any damages which may be recovered by Patricia Ditmyer and Frank Ditmyer in said cases against Herman A. Henderson.

"11.  Plaintiff shows that *by reason of the facts hereinbefore alleged,* an actual controversy exists between plaintiff and the defendants as to coverage under said policy, and plaintiff is entitled to a declaration of this court as to the rights and liabilities of the respective parties under this policy under the circumstances in this case.

"12.  Plaintiff further shows that in order to preserve the status of this matter pending adjudication of the questions involved herein, it is necessary for the court to enjoin the plaintiffs Patricia Ditmyer and Frank Ditmyer from further prosecuting their suits against Herman A. Henderson in the Superior Court of Dougherty County, Georgia, until a final determination of the rights of the plaintiff in this declaratory judgment action.

"13.  In order to prevent the two actions pending in the Superior Court of Dougherty County, Georgia, from becoming in default, petitioner has taken nonwaiver agreements from John Dollar Moree and Herman A. Henderson, and has filed defenses to said actions in the superior court under said nonwaiver agreements.  Copies of said nonwaiver agreements are attached hereto and marked Exhibits 'A' and 'B' respectively.

"Wherefore plaintiff prays:

"(1)  For a declaratory judgment declaring the rights and liabilities of all of the parties under the policy of automobile liability insurance herein described;

"(2)  For a judgment declaring whether any insurance coverage is afforded by said policy with respect to this collision and these suits;

"(3)  For a judgment declaring whether plaintiff is obligated under said policy to defend the said pending actions on behalf of Herman Henderson;

"(4)  For a judgment declaring whether plaintiff is obligated under said policy to pay any judgment recovered by Patricia Ditmyer and Frank Ditmyer against Herman A. Henderson in said suits.

"(5)  That the plaintiffs Patricia Ditmyer and Frank Dit-

myer be restrained and enjoined from further prosecuting their suits in the Superior Court of Dougherty County, Georgia, until a final determination of the rights of the parties in this declaratory judgment action;

"(6) For such other and further relief as the court may deem meet and proper;

"(7) That process issue against each of the defendants in terms of the law."

A reading of this petition discloses that it is far too defective to set forth a cause of action for declaratory judgment. It is alleged that plaintiffs in the tort action "will attempt to enforce any judgment obtained" in that action against the insurer (the plaintiff in the declaratory judgment action) and that there is a disagreement as to the facts between the insurer and such plaintiffs. If there is a justiciable controversy existing between any of the parties, this is the only one set out. The allegation in Paragraph 11 that "by reason of the facts hereinbefore alleged an actual controversy exists between plaintiff [the insurer] and the defendants as to coverage under said policy" is a mere conclusion of the pleader, insofar as it refers to *all* the defendants in the declaratory judgment action, as there is no allegation as to any dispute or controversy between the plaintiffs and the insured defendant or the driver defendant "hereinbefore alleged," or for that matter thereafter alleged. It is not alleged that anyone has demanded or suggested that the insurer defend the tort action, or that there is anyone contending that it should. It is not alleged that the facts are uncertain. It is not alleged that the insurer is uncertain of its rights, nor does it allege that the adjudication of the plaintiff insurer's rights is necessary in order to relieve such plaintiff of taking any further undirected action incident to its rights, which action without direction would jeopardize its interest. *Pinkard v. Mendel,* 216 Ga. 487, 490 (2) (117 SE2d 336); *State Hwy. Dept. v. Ga. S. & F. R. Co.,* 216 Ga. 547, 548 (2) (117 SE2d 897); *Dunn v. Campbell,* 219 Ga. 412, 415 (134 SE2d 20); *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 219 Ga. 665, 670 (1a) (135 SE2d 330); *American Mut. Ins. Co. of Boston v. Aderholt,* 114 Ga. App. 508 (151 SE2d 833). See

also *Jacobs v. Ga. Farm Bur. Mut. Ins. Co.*, 114 Ga. App. 296 (2) (151 SE2d 187) following *U. S. Cas. Co. v. Ga. S. & F. R. Co.*, 95 Ga. App. 100, 103 (97 SE2d 185).

"The Act of the General Assembly (Ga. L. 1959, p. 236) amending *Code* § 110-1101 [Sec. 1 of the Declaratory Judgment Act; Ga. L. 1945, p. 137], providing 'Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies' does not mean that a declaratory judgment will lie to have just any justiciable controversy decided. The ruling by the Supreme Court in *McCallum v. Quarles*, 214 Ga. 192 (104 SE2d 105) brings this matter to a clear and unequivocal conclusion." *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271). It is apparent from the allegations in the petition and the authorities above cited that the petition does not set forth a cause of action for declaratory judgment. Proof of the allegations therefore does not authorize a declaratory judgment, although such proof may prevent a nonsuit.

A general demurrer was filed to the petition, but it does not appear that any action was taken thereon. Merely because all of the parties to a declaratory judgment action are agreeable to the entering of a judgment declaring the rights of the parties is entirely immaterial, as the allegations and proof do not authorize the court to grant such a judgment. If consent of the parties was all that was necessary we would not need declaratory judgment statutes. For these reasons, I must dissent from the ruling of the majority granting the declaratory relief.

I am authorized to state that Judge Deen concurs in this dissent.

FELTON, Chief Judge, dissenting from the judgment. I concur in all of the ultimate rulings by the majority. I concur in the ruling that the first instance permission rule does not apply in Georgia in a case *not involving* permission given to an *incompetent* driver. I think that the cases repudiating the first instance rule, which do not involve an incompetent driver, should be overruled, but I have been overruled as to this point by a majority of this court.

The question is squarely presented in this case that permission to drive the vehicle was given to an incompetent driver. The consequence of such a permission has not been decided, to my knowledge, in Georgia or elsewhere. In my opinion the first instance permission rule should be applied in such a case. Where permission is given to a competent driver the entrustor is justified in anticipating that the driver will not disobey instructions or drive carelessly. The very opposite is true when the entrustment is to an incompetent driver, especially one addicted to the drinking of alcohol or other intoxicants. In such a situation the first instance rule should apply for the obvious reason that no one can predict the consequences of the driving by such an incompetent driver. My position is that such first instance permission should control and that where such an incompetent driver injures another while he is driving with first instance permission such a driver should be considered an additional insured under the omnibus clause of the instant insurance policy which in effect provides generally and without exception that one driving with the permission of the named insured is an additional insured. I think that the question whether the vehicle was entrusted to such an incompetent driver should not have been determined on motion for a summary judgment. Whether the injured persons in this case have some other recourse is beside the point. If in fact the first instance rule should apply and the driver is an additional insured the injured parties have a perfect right, if they so elect, to seek a judgment against the driver alone, and if they prevail, proceed against the insurance company, provided they show such negligent entrustment as they claim. I therefore dissent from the judgment.