## Luther v. Fuller

726

*R. Thomas Strayer*, for plaintiff.

*James F. O'Malley*, for defendant.

*Edward F. Peduzzi*, for garnishee.

McDONALD, J., May 14, 1963.—Harleysville Mutual Casualty Company, hereinafter referred to as garnishee, issued a family combination automobile policy, no. FA 816279, to William L. Fuller, Sr., and Grace K. Fuller, his wife, hereinafter referred to as named insureds. This policy was renewed from time to time and in effect on June 3, 1960, when William Fuller,

Jr., minor son of the named insured, hereinafter referred to as defendant, while driving the automobile covered by the policy, was involved in an accident with a school bus owned by plaintiff, D. P. Luther.

Garnishee's local agent was notified of the accident by the named insureds, and a request for information was sent to plaintiff by garnishee. Subsequently, when no action was taken, plaintiff filed suit claiming damages in the amount of $1,321.68. Notice of the suit was forwarded to the garnishee. It was heard before a board of arbitrators on February 9, 1961, at which time Edward Peduzzi, Esq., attorney for the garnishee appeared for defendant. However, five days prior to the trial, garnishee notified William L. Fuller, Sr., one of the named insureds, by letter, that even though it intended to defend the action, it reserved the right to disclaim liability for claims arising therefrom. This letter was not answered. No notice of reservation or disclaimer was sent to defendant.

After the award and prior to the entry of judgment thereon, garnishee petitioned this court for a declaratory judgment, naming William L. Fuller, Sr., as respondent. When it became apparent by the statement of garnishee's counsel at the beginning of the hearing on the petition, that certain factual matters had to be resolved, the court, upon motion of respondent, dismissed the petition.

Plaintiff caused to be issued an attachment execution naming Harleysville Mutual Casualty Company as garnishee. In answer to the interrogatories filed in the execution proceeding, the garnishee admitted that family combination automobile policy, no. FA 816279, had been issued to William L. Fuller, Sr., and Grace K. Fuller as named insureds, and was in effect on June 3, 1960, the date of the accident; that it contained an omnibus clause covering members of the named insureds' household and others operating the automobile

with their permission; that notice of the accident had been received and it had been informed the automobile at the time was operated by defendant.

Under new matter, garnishee denied liability, averring that at the time the policy was renewed, garnishee's agent had advised the named insureds that defendant, a male member of their household under age 25, was not covered and that they had informed said agent they did not want him to be covered. Plaintiff replied to new matter by alleging it was improper in form, and further he had no knowledge of the averments. Defendant also replied, stating it was improper in form and that any conversation between the named insureds and garnishee's agent could not affect his rights; that under part I of the insuring agreement he was a "person insured," since he was a member of the named insureds' household; he further denied that a rate-classification plan was attached to the policy at issuance.

Garnishee then filed preliminary objections to these replies, praying that: (1) William L. Fuller and Grace K. Fuller be made parties to the proceeding as necessary parties; (2) defendant's answer to garnishee's new matter be stricken, as it was not responsive thereto; (3) a more specific reply to garnishee's new matter be filed by William L. Fuller and Grace K. Fuller.

After argument and submission of briefs, Judge William D. Shettig, with the concurrence of Judge Alton A. McDonald, filed an opinion and order dismissing the preliminary objections.

At the trial of the case, the record of the judgment against defendant was entered, as were answers to the interrogatories above stated. Upon refusal of the trial judge to enter a compulsory nonsuit at the conclusion of plaintiff's case, the garnishee then offered to show conversations between the named insureds and its agent that the question of coverage had been discussed by

them; that they requested the policy be issued at a I-B classification rate; that the named insureds intended and so informed garnishee's agent that their son, the defendant, who was a male member of the household under age 25, would not be covered. Upon objection to this offer by plaintiff and defendant, the trial judge ruled the testimony inadmissible.

At the conclusion of testimony, the trial judge granted plaintiff's motion for binding instructions, denied the same motion made by the garnishee, and directed that judgment be entered in favor of plaintiff and against the garnishee in the amount of $1,321.68, with interest from March 16, 1961. In doing so, the trial judge held as a matter of law that defendant was, under the terms of the policy, a "person insured," since he was a member of the household of the named insureds; that the rate-classification plan, even if attached to the policy at the time of issuance, was not an endorsement, and, therefore, did not exclude coverage of defendant; that the garnishee, having defended the action before the board of arbitrators and having failed to notify defendant of its reservation of the right to disclaim liability, was thereby estopped to deny liability in the attachment execution proceedings.

Garnishee has filed motions for a new trial and judgment notwithstanding the verdict. These have been argued and are before the court en banc for disposition.

We shall discuss the questions raised by the parties in their briefs.

1. *Did The Court Err in Overruling, Denying and Refusing the Preliminary Objections Filed by the Garnishee to Defendant's Answer to the New Matter in garnishee's Reply to Plaintiff's Interrogatories to Join William L. Fuller and Grace K. Fuller as Necessary Parties to the Action?*

As stated above, Judge Shettig in an opinion and order dismissed the preliminary objections and refused

to join the named insureds as parties in the attachment execution proceeding. The named insureds were not parties to the action in which plaintiff recovered judgment against defendant at the trial before a board of arbitrators. Admittedly, there being no proof of agency, a valid judgment could not have been entered against them even though they had been named as codefendants. The subsequent attachment execution proceeding on this judgment is against defendant and the garnishee. The liability of defendant is not derivitive through his parents, the named insureds. Under the theory of plaintiff's case, defendant is a "person insured" under part I, "Liability" of the insuring agreement which provides, inter alia, as follows:

"Persons Insured:

"The following are insureds under part I:

"(a) With respect to the owned automobile.

"(1) The named insured and any resident of the same household."

Therefore, contends plaintiff, defendant, as a "person insured," is entitled to the coverage of the policy as an individual, and the persons named as insureds are not necessary parties to recover under the terms of the policy, since their interests could not be affected by the outcome of the proceeding.

We are satisfied the issue in this proceeding is whether or not defendant is covered by the policy. The refusal of the court to join the named insureds as defendants, when no liability could attach to them regardless of the verdict, was entirely proper. However, this does not preclude the garnishee from asserting any equities to avoid liability which it could have raised against the named insureds if the judgment had been entered against them rather than one who claims coverage by virtue of a particular status defined under the omnibus clause. For instance, it is conceivable the garnishee might contend and prove that the

policy was not effective because of certain exclusions specifically set forth therein; or perhaps for the reason that it was not in effect at the time of the accident. If evidence of the equities claimed by the garnishee is admissible, it is not · rendered inadmissible by the nonjoinder of the named insureds.

2. *Did The Court Err in Denying Garnishee's Motion for Compulsory Nonsuit at the Close of Plaintiff's Case?*

Plaintiff offered in evidence as his exhibit no. 2, a copy of the insuring agreement which sets forth the provisions of the policy, its coverage, definition of "persons insured," exclusions and conditions. The declaration page, which was issued with the policy originally, was not offered. However, a copy of the renewal certificate issued by garnishee's agent, providing coverage during May 4, 1960 to May 4, 1961, the period when the accident occurred, was offered as plaintiff's exhibit no. 2-a.

It was testified that about two months after the accident, the policy was cancelled by the garnishee and surrendered to it by the named insureds. By letter dated April 4, 1962, their counsel requested that it be returned, but it was not until the trial of the case that it was tendered.

Garnishee contends in its motion for compulsory nonsuit that plaintiff has failed to make out a prima facie case, since the entire policy, including the declaration page and a form referred to as the classification plan, allegedly attached to the policy at issuance, were not offered in evidence.

Plaintiff and defendant contend the validity of policy FA 816279 was not in issue, since that was admitted by the garnishee in answer to question no. 1 of the interrogatories. Further, that the declaration page which had been attached to the original policy was

replaced by the renewal certificate which was in effect at the time of the accident. They argue that the pertinent parts of the policy which are in issue were those relating to the coverage of defendant (the omnibus clause), and since the validity of the policy was admitted by the garnishee, it was only necessary to make out a prima facie case that the insuring provisions and the renewal certificate be offered.

The answers to the interrogatories, particularly to question no. 2, indicate that the policy provides coverage as an "insured" to "any resident of the same household" (of the named insureds). In its new matter, garnishee denied that defendant was covered, averring he was a male under age 25, and, therefore, excluded under the classification plan which it contends was attached to the policy. This was a defense upon which garnishee had to offer evidence.

We are satisfied the renewal certificate, together with a copy of the insuring agreement, which was provided defendant's counsel by garnishee's agent, were sufficient to make out a prima facie case showing garnishee's liability. The admissions by garnishee in answer to the interrogatories, that the policy was valid and in effect on the date of the accident, together with the copy of the insuring agreement and the renewal certificate (plaintiff's exhibits nos. 2 and 2-2), were sufficient for the trial judge to conclude a prima facie case of coverage was made out. It was certainly not such a clear case, despite the failure to offer the declaration page, that a compulsory nonsuit should be granted on garnishee's motion: Borzik v. Miller, 399 Pa. 293; Gift v. Palmer, 392 Pa. 628.

During the cross examination of Mrs. Grace Fuller, one of the named insureds, it was apparent that she could not identify the declaration page and classification plan as parts of the original policy which had been surrendered to the garnishee upon cancellation of the

policy in August, 1960. To have granted garnishee's motion for a compulsory nonsuit would have resulted in grave prejudice to plaintiff and defendant, since the original policy had been in the possession of the garnishee until trial. As the verdict indicates, the offer of either one or both of these parts by plaintiff would not have altered the outcome of the case.

3. *Did the Court Err in Sustaining the Objections of the Plaintiff and Defendant to the Admission of Testimony on the Part of the Garnishee Pertaining to the Negotiations Between the Garnishee's Agents and the Parties to the Contract, and to the Meaning of the Various Terms Contained in the Insurance Contract?*

The garnishee offered in evidence the declaration page (exhibit no. 2) to policy FA 816279 as issued during the policy period May 4, 1959, to May 4, 1960, upon which appears "Class No. 1-1B." It also offered, as exhibit no. 3, "Private Automobile Classification Plan, Combined Rating Information Form)" which contains, inter alia, the following:

"Class 1B means—the automobile is customarily used in the course of driving to or from work, and the distance driven is less than ten miles one-way, and

"The named insured is not a male operator of the automobile under twenty-five years of age, and there is no male operator of the automobile under twenty-five years of age resident in the same household as the named insured or employed as a chauffeur of the automobile, and the use of the automobile is not required or customarily involved in the occupational duties of any person."

According to garnishee's agent, who was called as a witness, the classification plan was issued with the policy in 1959.

There is no reference to the classification plan in the insuring agreement, although garnishee contends it

becomes part of the policy under paragraph 17 of the "Conditions" section thereof, which provides:

"17. Declarations. By acceptance of this policy, the insured named in Item 1 of the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Plaintiff and defendant, however, argue that even if the classification plan was attached to the policy at the time of issuance in 1959, it is not a part thereof nor does it alter the insuring agreement, particularly the omnibus clause under which defendant's coverage is claimed, since it is not an endorsement to the policy and has not been signed by a duly authorized representative of the company. In support of this position, they refer us to paragraph 14 of the "conditions" section of the policy which provides:

"14. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

They contend the classification plan is for the purpose of providing information on rates, as stated in the caption of that form, and if the garnishee is to exclude certain classes of persons from the coverage of the omnibus clause it must specificaly so state in that clause or by specific exclusion.

The garnishee then offered by testimony of its local agent to explain the meaning of classification "1B" which appears on the declarations page, and further to

show that by conversations with the named insureds it was understood and intended that their son, defendant, a male operator under the age of 25, was not to be covered by the policy when issued in 1959, or upon renewal in 1960. Plaintiff and defendant objected to that part of the testimony which would show an understanding or agreement between the garnishee's agent and the named insureds as to the coverage of the policy, since this was in violation of the parol evidence rule, and in effect, would vary, alter and change the terms of the written contract. This objection was sustained and the witness was only permitted to explain that the policy had been isssued under a class 1B rating.

We are satisfied the terms of the policy are clear and unequivocal, and, therefore, lacking ambiguity, extrinsic evidence of the understandings and intentions of the parties thereto is not admissible: Gianni v. R. Russell & Co., Inc., 281 Pa. 320. In our opinion, the interpretation of the policy in such case was for the trial judge.

It is not denied that defendant is a "resident of the household" of the named insureds. Therefore, under the omnibus clause of the policy, Part I, persons insured (a) (1), he is a "person insured."

Does the classification plan and the issuance of the policy as "Class 1B" and the renewal as "Class 1B O" effect a change in the policy and exclude defendant from coverage, since he is a male under age 25 years? In directing a verdict for plaintiff, we held it did not.

Our research and that of counsel for the parties fails to disclose any Pennsylvania decisions on this point. However, it has been passed upon in other jurisdictions: State Farm Mutual Automobile Insurance Company v. Shaffer, 250 N. C. 45, 108 S. E. 2d 49; Buffington v. New Hampshire Fire Insurance Company, 104 Ga. App. 139, 121 S. E. 2d 270; Varble v. Stanley, 306 S. W. 2d 662 (Mo. App.).

In Varble, supra, a policy of insurance was issued to the father of Harry Stanley, a minor, against whom plaintiffs had obtained judgment for damages resulting in an automobile accident in which the minor was operating the insured automobile. Subsequently, judgment was rendered against appellant garnishee, the insurance carrier. The policy when issued contained an omnibus clause defining "insured" as "any person while using the automobile . . . provided the actual use of the automobile is by the named insured or such spouse or with the permission of either." Attached to the policy was a classification form setting forth as one of the classes, "1A2", which provided:

"There is no male operator of the automobile under twenty-five years of age resident in the named insured household or employed as a chauffeur of the automobile."

In affirming the judgment against garnishee, the court held the classification form was for the purpose of fixing rates based on the conditions found and determined at the time of the issuance of the policy. Further (p. 665):

"If the insurer intended to exclude or limit its liability in instances of operation by a male member of the household under twenty-five years of age, it could and should have said so in plain and explicit language. And we will not adopt a construction which will imply such exclusion from language which would amount to the planting of a forfeiture in ambush. . . ."

This case on its facts is remarkably similar to the case at bar.

We are satisfied the classification plan, if attached to the policy when originally issued in 1959 as testified to by garnishee's agent, served no other purpose than to provide rating information under the conditions existing. It does not have the dignity of an endorsement

effecting a change in the insuring agreement by providing an exclusion under the omnibus clause when the insured automobile was operated by a male resident of the household under age 25. If the garnishee had intended to make such an exclusion it should have been referred to under the "Exclusions" section of the policy, or, by clear and unequivocal language the classification plan should have been incorporated as a part of the insuring agreement. To now hold that it has this effect would be contrary to the express provisions of paragraph 14 of the policy, which provide the method by which a change may be effected.

4. *Was the Garnishee Estopped from Denying Coverage to the Defendant?*

The named insureds gave notice of the accident to garnishee's agent on the day it occurred. Garnishee made an investigation in which it obtained statements of defendant and plaintiff's driver. Upon request, plaintiff submitted proofs of his damage. Garnishee sent a reservation agreement to the named insureds whereby it offered to investigate and defend the action and then make a determination of its liability under the policy. This reservation agreement was, on the advice of counsel, returned to the garnishee unsigned. Four days before the trial, which occurred eight months after the accident, and about three months after the action had been commenced and garnishee notified thereof, the garnishee, by certified mail, notified William L. Fuller, Sr., one of the named insureds, that it reserved the right to disclaim liability, even though defending the action.

Plaintiff and defendant contend the garnishee, having investigated the accident and having appeared by its attorney and defended the action against defendant, without notice to him of a reservation of its right to disclaim, is now estopped to deny liability. The gar-

nishee, however, contends it is not estopped, since it had advised William L. Fuller, Sr., unilaterally of its reservation of the right to disclaim liability.

Assuming arguendo, William L. Fuller, Sr., was the defendant and the garnishee had a legal right to disclaim liability, the letter sent to him four days prior to trial and eight months after the accident would at least have been sufficient to raise a jury question on the issue of estoppel. However, William L. Fuller, Sr., was not the defendant in the action.

Although research fails to disclose any Pennsylvania cases on point, we are of the opinion the garnishee, in possession of all the facts eight months before trial, had a duty to advise the defendant of its nonwaiver, or at least proceed by way of declaratory judgment to determine whether or not it was liable. Defendant claimed to be a "person insured" under the policy by virtue of his status as a member of the household of the named insureds. If, in fact, the garnishee had a defense to liability, notice should have been given to him and not the named insureds who could suffer no loss if the defense were successful.

When viewed in the light of the facts, to wit, the investigation of the accident months before trial, failure of the garnishee to notify defendant of its reservation, and the defense of the action which resulted in judgment against him, we are satisfied the garnishee is now estopped to raise the defense of nonliability.

*5. Did the Court Err in Denying Garnishee's Point for Binding Instructions and in Directing a Verdict in Favor of the Plaintiff and Against the Garnishee?*

In view of our discussion on the foregoing questions, we are satisfied the construction of the policy was for the trial judge. Having decided the classification plan was not a part of the policy, and that the omnibus clause was clear and unambiguous, the trial judge properly concluded defendant was a "person insured"

under the terms of the policy, and, therefore, did not err in directing judgment in favor of plaintiff and against the garnishee.

Notwithstanding, we are firmly convinced judgment was properly directed under the provision of the policy, if it should be decided otherwise, the garnishee is nonetheless estopped from denying liability by reason of its defense of the action and its failure to reserve the right to disclaim by notice to the defendant who was claiming as a "person insured" under the provisions of the policy.

Accordingly, the motions of garnishee for new trial and judgment n.o.v. must be dismissed.

### Order

Now, May 14, 1963, after argument and upon consideration of the record and briefs, garnishee's motions for new trial and judgment n.o.v. are dismissed.

The prothonotary is directed to enter judgment on the verdict upon payment of the usual fees.